IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL BAZZREA, et al. § | |
| § | |
| Plaintiffs § | |
| v. § | CA No. 3:22-cv-00265 |
| § | |
| ALEJANDRO MAYORKAS, et al. § | |
| § | |
| Defendants. § | |
| § | |

MICHAEL AKEY,
AUSTIN ALBRIGHT,
ELIZABETH ALBRITTON,
ASHLEY ANDERSON,
NATHANIEL ANDERSON,
MARTIN ANDRADA,
STANLEY ANDRISKI,
STEPHANIE ANINOS,
ZACHARY ATCHISON,
ALTARA AVERY,
JUSTIN BAKER,
BRETT BARKER,
BECKHAM WILLIAM,
MARY BENDER,
SCOTT BLEICKEN,
NOAH BODEY,
JENNY BONE,
WILLIAM BRENNAN,
JADEON BROOKS,
DEAN CAPPS,
ADAM CARR,
ADRIAN CHUQUILLANGUI,
CHRISTOPHER COLLINS,
JEFF DAILY,
ADAM DELANO,
RICHARD DELEON,
DANIEL DERITO,

MAIKALANI DIAS,
TAYLOR DICKINSON,
EDWARD DIPIERRO,
PAUL DORPEMA,
LAUREN EMMONS,
JONATHAN FASSNACHT,
JASON FIELDS,
JOHN FLORES,
STEVE FORTIN,
CARRIE GAGNON,
JOSEPH GAROFALO,
ALEC GAUDIN,
MARGARITO GONZALES,
NICOLE GOODRICH,
JENTZEN GREEN,
ROBERT HADEN
MICHAEL HAMAIDE,
ROBYN HAMILTON,
BROOKS HARGROVE,
MATTHEW HEATON,
DYLAN HENNIGAN,
TIMOTHY HICKS,
THOMAS HIGHAM,
JUSTIN JERRY,
CARL KENNEDY,
CHRISTINE KENNEDY,
ANDREW KUCHARCZYK,
IAN LEBLANC,
NATALIE LITTLE,
BRETT MANGIARACINA,
KEN MARKS,
TAYLOR MCDEVITT,
JASON MOZINGO,
JOSHUA MUHLENBECK,
CHRISTOPHER MUSGRAVE,
TIMOTHY NAVARRO,
HALEY NIX,
ISAAK OLSON,
CALEB PEACOCK,
STEPHEN PREVATT,
DION PURCELL,

**CARLOS QUINTERO,**
**BLAKE RAUSCH,**
**ROBERT RENDON,**
**STEPHEN RICARDO,**
**ADAM RIECK,**
**ANGEL RIOS,**
**ANDREW ROSS,**
**JASON RUFFENACH,**
**JOSHUA SCHWEINSBERG,**
**RICK SHEILL,**
**MATTHEW SHELTON,**
**JASON SHIFLETT,**
**KATIE SMITH,**
**BRITTNEY SONNIER,**
**EASON SPINELLI,**
**STEPHEN SPOTTS,**
**TIM STAMM,**
**JACOB STONECIPHER,**
**BENAIA STOWELL,**
**JEREMIAH STROMBECK,**
**DANIEL SZUBA,**
**MELINDA THIBODEAU,**
**JEREMY TROYER,**
**SIMON TRUMAN,**
**ROBERT TURNER**
**PEDRO VARGAS,**
**LEONARDO VEGA,**
**BRETT WATTS,**
**CHRISTIANE WEBER,**
**WEIMANN, MITCHELL**
**PAUL WINCHELL,**
**BEN WOLHAUPTER,**
**CLAY YANCEY,**
**MATT YEE,**
**CHRISTY YORK,**

    Intervening Plaintiffs

            v.

ALEJANDRO MAYORKAS, in his official capacity as Secretary of the U.S. DEPARTMENT OF HOMELAND SECURITY,

LINDA L. FAGAN, in her official capacity as Commandant of the UNITED STATES COAST GUARD,

LLOYD AUSTIN, in his official capacity as Secretary of the U.S. DEPARTMENT OF DEFENSE,

JANET WOODCOCK, in her official capacity as Acting Commissioner of the U.S. FOOD AND DRUG ADMINISTRATION,

 Defendants.

## PLAINTIFF-INTERVENORS' OPPOSED MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT THEREOF

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *John Doe # 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001) citing *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994).

The Proposed Plaintiff-Intervenors are 103 members of the United States Coast Guard ("USCG"). Each is subject to the Department of Defense's ("DOD") and USCG's COVID-19 vaccine mandate that lie at the foundation of

this lawsuit. *See* ECF #1. Plaintiff-Intervenors respectfully request that this Court grant this request intervene as Plaintiffs in this action under Federal Rule of Civil Procedure ("FRCP") 24(a)(2) or FRCP 24(b)(1)(B). No harm will occur by granting Plaintiff status to these individuals as this Motion is timely and Plaintiff-Intervenors meet the underlying requirements to be granted such status. Compliant with FRCP 24(c), this Motion is accompanied (exhibit 1) by Plaintiff-Intervenors' Complaint and related supporting documents.

Counsel has complied with the meet and confer requirement in Local Rule 7.1D via email on August 31, 2022. Defendants' counsel has stated Defendants' opposition to this motion and the proposed intervention.

## ARGUMENT

**I.  The Court Should Grant Intervention Under Civil Rule 24(a).**

Under the Federal Rules of Civil Procedure 24(a)(2), a non-party must be allowed to intervene: (1) when it has an interest relating to the subject of the action and (2) disposing of the action may practically "impair or impede" that interest (3) unless the parties "adequately represent" that interest. FRCP 24(a)(2). Additionally, the motion to intervene must be timely. *Id.* see also: *John Doe # 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001). As discussed, Intervenors satisfy each of the FRCP 24(a)(2) elements.

   **a. This Motion is Timely.**

FRCP 24(a) and (b) require that Intervention be made "on timely motion." Timeliness is addressed in four factors: "(1) length of time an intervenor knew or should have known of its stake in the litigation; (2) the prejudice, if any, the parties may suffer due to the intervener's delay; (3) the prejudice the potential intervener may suffer if not allowed to intervene; and (4) any unusual circumstances." *Glickman,* at 376. Intervenors' Motion meets each factor.

Intervenors file this Motion less than 40 days from the date the Complaint was filed (July 25, 2022). *See* ECF #1. One substantive Motion has received a ruling from this Court: An Emergency Motion for Temporary Restraining Order, which was brought to cease impending discharges of Plaintiffs. *See* ECF # 18, 19. Plaintiffs filed the First Motion for Preliminary Injunction less than 20 days ago (ECF # 17 filed on August 16, 2022), and Defendants Responded to that Motion two days ago (ECF #22 filed on August 30, 2022). The timing of this Motion will not delay the litigation. Additionally, Intervenors do not intend to request any modification any current court-ordered schedule; therefore, intervention poses no potential to prejudice the rights of any current party. *See Ford v. City of Hunstville*, 242 F.3d 235, 240 (5th Cir. 2001) (finding that prejudice was created by "the intervenor's delay in seeking to intervene after it learns of its interest") citing *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 (5th Cir. 1992).

Conversely, if intervention is denied, Plaintiff-Intervenors prejudice is the risk imminent discharge from the United States Coast Guard. *See* Exhibit 1, Plaintiff-Intervenors' Complaint. Of the 103 Plaintiff-Intervenors, 61 **have** a notice of intent to discharge from the USCG with no discharge dates, which could occur any day. *Id*. Discharge from the USCG is a loss of job, loss of benefits (current and prospective), and for most, if not all, of these 103 Plaintiff-Intervenors, a loss of sense of self (i.e., these individuals identify themselves with the USCG and their individual roles with the USCG).

Intervention will not prejudice the present litigants as Government Defendants will out-process Intervenors as they see fit and the current Plaintiffs will suffer no risk by adding USCG colleagues to this litigation— these additional Plaintiffs neither detract nor delay current Plaintiffs' position. In fact, the addition of more than 100 USCG members that face imminent discharge should bolster Plaintiffs' position by showing the impact associated with the COVID-19 mandate and related impending USCG discharges and by the pleading of additional evidence.

### b. Intervenors have an Important Interest Related to the Subject of this Action.

Courts may not define the requisite interest for intervention purposes "too narrowly." *Ford v. City of Huntsville,* 242 F.3d 235, 240 (5th Cir. 2001). The "important interest" element requires that Intervenors have a "direct,

4

substantial, legally protectable interest." *In re Lease Oil Antitrust Litig.,* 570 F.3d 244, 250 (5th Cir. 2009) (quotation omitted). In other words, "[a]ll that is required by the terms of the rule is an interest in the property or other rights that are at issue, provided the other elements of intervention are present." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). The Fifth Circuit has held that intervenors need not raise property interests as non-property interests satisfy the burden of this analysis as such interests "are concrete, personalized, and legally protectable." *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015). Moreover, such rights need not even be "enforceable" to meet the threshold burden as long as the right is "legally protectable." *Id.* at 659. Importantly, one of the "real, concrete" elements of the *Texas* case that granted intervention under this prong was Intervenors' lost "opportunity to obtain employment authorization." *Id.* at 661.

Here, Plaintiff-Intervenors have a concrete interest in *continued* employment (not an opportunity to obtain employment) and commissioning with the USCG, both of which are at risk under the challenged USCG and DOJ vaccine mandate. Notably, 101 of the 103 Intervenors have filed Religious Accommodation Requests ("RAR") with the USCG, which would allow for continued commission and exemption from the COVID-19 vaccine. *See*: Exhibit 1, ¶ 165. However, **zero** RARs have been granted, and all Plaintiff-Intervenors are at risk of imminent discharge, including loss of

current and prospective (*i.e.*, retirement) benefits. *See*: *Id.* at ¶ 4. Intervenors interest in continued commission, employment, and benefits constitutes a concrete, protectable interest as does protecting each Plaintiff-Intervenors' religious liberty.

### c. Disposition of this Action will Impair Intervenors' Interests if Intervention is Denied.

The Court must decide whether the judgment "may" have a "practical" impact on the would-be intervenor's interest. *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828-29 (5th Cir. 1967). As the advisory committee notes to Rule 24(a) state: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." FRCP advisory committee note to 1966 Amendment.

Here, Proposed Intervenors cannot, and need not, wait until the conclusion of the litigation to vindicate their interests as many likely will be discharged well-before conclusion of litigation. Presently, nearly two-thirds of the Plaintiff-Intervenors have been threatened by the USCG with immediate impending discharge, and they cannot wait until conclusion of this litigation to seek protection of their USCG member status. Courts have recognized that parties seeking intervention after a court has rendered a decision would face a "practical disadvantage" in asserting their rights once. *Chiles v.*

*Thornburgh*, 865 F.2d 1197, 1214 (11th Cir.1989). After all, "[t]he very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Brumfield v. Dodd*, 749 F.3d 339, 344–45 (5th Cir. 2014). If Intervenors must await a ruling from this Court to obtain protection from discharge, Intervenors would face a "practical disadvantage" with no meaningful opportunity to "air their views" through litigation.

Importantly, the Fifth Circuit has held, "prospective interference with promotion opportunities can justify intervention." *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014) citing *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Texas,* 19 F.3d 992, 994 (5th Cir.1994). Thus, if "equal access to a promotion system" within an employment setting is a sufficient "interest" to warrant intervention, it is reasonable to conclude that maintaining employment and military status meet the threshold, and the Plaintiff-Intervenors' high likelihood of discharge is an impaired interest.

### d. The parties Do Not Adequately Represent the Intervenors' Interests.

"The burden on the movant is not a substantial one. The movant need not show that the representation by existing parties will be, for certain, inadequate.... [T]he applicant's burden on this matter should be viewed as 'minimal.'" *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) citing 6

7

Moore's § 24.03[4][a], at 24–47 citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)). This standard was clarified earlier this year, when the Fifth Circuit citing *Brumfield*, held that test is whether the representation by existing parties "*may* be inadequate." *La Union Del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022).

The Fifth Circuit recognizes two presumptions of adequate representation; one presumption "arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). To overcome the presumption, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id*. The Fifth Circuit's most recent reading of the "adversity of interest" test is that a Plaintiff intervenor meets this test where "its interests diverge from the putative representative's interests in a manner germane to the case." *La Union Del Pueblo Entero*, at 308.

Additionally, Plaintiff-Intervenors' personal interests in the outcome of this litigation are akin to those Jane Doe Plaintiffs in *Texas v. United States*, where the Fifth Circuit concluded that each Plaintiff-intervenor had a personal interest in the outcome of litigation as the challenged program

8

would grant a Plaintiff deferred action on his/her residency status. *Texas v. United States*, 805 F.3d 653, 655-56 (5th Cir. 2015). Importantly, this was prospective relief as each Doe plaintiffs, was merely an <u>intended</u> <u>beneficiary</u> of the program. *Id.* Nonetheless, the Court held that as intended beneficiaries, each plaintiff had "sufficiently concrete and specific" interests to support granting their intervention by right. *Id.*, at 661.

Here, Plaintiff-Intervenors assert many of the same claims as five representative Plaintiffs as each individual is asserting his/her personal rights to retain USCG commission and to retain bodily and religious integrity. Government Defendants are discharging individuals on a one-by-one basis, and litigation appears to be the only way to protect Plaintiffs or Plaintiff-Intervenors from discharge. While Plaintiffs appear to adequately represent Plaintiff-Intervenors, it is not so as each USCG member seeking protection from the vaccine mandate **must** seek his/her own shield. As individual beneficiaries of USCG member status, each of the 103 Plaintiff-Intervenors' requires protection against their impending discharge and figurative representation by the Plaintiffs will not suffice.

## II. If The Court Does Not Permit Intervention Under Civil Rule 24(a), it Should Allow Permissive Intervention Under Civil Rule 24(b).

If this Court determines that the Plaintiff-intervenors do not satisfy the requirements for intervention as of right, permissive intervention under

FRCP 24(b)(1)(B) should be granted as is appropriate for anyone who "has a claim or defense that shares with the main action a common question of law or fact." *Id.* The Fifth Circuit has distilled permissive intervention analysis into three elements: (1) the motion is timely; (2) an applicant's claim or defense has a question of law or fact in common with the existing action; and (3) intervention will not delay or prejudice the adjudication of the rights of the original parties. FRCP 24(b); *see United States v. LULAC*, 793 F.2d 636, 644 (5th Cir. 1986). Here, Plaintiff-intervenors meet all three elements.

As discussed above, this Motion is timely, and it will not delay or prejudice the original parties' rights. *See* Sections I.a and I.c. Plaintiff-intervenors and named Plaintiffs share several common facts as each is a member of the United States Coast Guard seeking protection from the same COVID-19 vaccine mandate. Many of the Plaintiffs and Plaintiff-intervenors have been informed by the USCG that they will be imminently discharged for exercise of their religious rights. These facts provide the basis for the underlying legal claims in the Plaintiffs' Complaint and the Plaintiff-intervenors' Complaint.

Finally, when considering whether to grant permissive intervention, courts should also consider "whether intervention is likely to contribute significantly to the development of the underlying factual issues." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189

10

(5th Cir. 1989). Here, the addition of the 103 Plaintiff-intervenors will help develop the record of and will offer additional facts yet to be developed. Such facts include additional punitive measures taken by the USCG as demonstrated by the following: one Plaintiff-intervenor will be required to repay over $10,000 in signing bonus (*See* Ex.1, ¶ 29); one Plaintiff-intervenor has been discharged (*See* Ex. 1, ¶ 26); sixty-one (61) Plaintiff-intervenors have received notices of intent to discharge (*supra*, I.a); and the cumulative loss of personnel specialty represented by the Plaintiff-intervenors will be demonstrated through their pleadings. These additional facts "likely to contribute significantly to the development of the underlying factual issues," and provide a basis for this Court granting Plaintiff-intervenors' request to intervene.

## CONCLUSION

WHEREFORE, the 103 Plaintiff-intervenors pray this honorable Court will grant this Motion and allow these members of the Coast Guard to Intervene and join the action on an equal footing with the named plaintiffs as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, their motion for permissive intervention pursuant to Rule 24(b).

Dated: September 2, 2022  Respectfully submitted,


  /s/ Simon Peter Serrano
  S. Peter Serrano, Esq.
  WA Bar #54769
  5238 Outlet Dr.
  Pasco, WA 99301
  Telephone: 530-906-9666
  Email: pete@silentmajorityfoundation.org
  Admitted Pro Hac Vice

  /s/ Travis Miller.
  Travis Miller, Esq.
  Texas Bar #24072952
  Defending the Republic.
  2911 Turtle Creek Blvd.,
  Suite 300 Dallas, TX 75219
  Email: twm@defendingtherepublic.org

  /s/ Brandon Johnson
  Brandon Johnson, Esq.
  DC Bar No. 491370
  Defending the Republic
  2911 Turtle Creek Blvd.,
  Suite 300 Dallas, TX 75219
  Tel. 214-707-1775
  Email: bcj@defendingtherepublic.org

  /s/ Dale Saran
  Dale Saran, Esq.
  MA Bar #654781
  19744 W 116th Terrace
  Olathe, KS 66061
  Telephone: 480-466-0369
  Email: dalesaran@gmail.com

  Attorneys for the Plaintiffs

## **CERTIFICATE OF SERVICE**

This 2nd day of September, 2022, the foregoing Plaintiff-Intervenors' Motion was e-filed using the CM/ECF system.

/s/ Simon Peter Serrano
S. Peter Serrano, Esq.
