### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | |
|---|---|
| MICHAEL BAZZREA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00265 |

## MOTION FOR LEAVE TO FILE RESPONSE

Defendants respectfully seek leave to file a response to Plaintiffs' new arguments and newly submitted evidence in Plaintiffs' reply in support of their motion for a preliminary injunction, ECF No. 25.

Plaintiffs filed a Complaint on July 25, 2022, ECF No. 1, and a motion for a preliminary injunction on August 16, 2022, ECF No. 17. Defendants filed a response in opposition to Plaintiffs' motion on August 30, 2022. ECF No. 22. Plaintiffs filed a reply in support of their motion on September 6, 2022. ECF No. 25. Along with their reply, Plaintiffs filed 172 pages of new evidence, including four new declarations. ECF Nos. 25-1 through 25-11.

"It is well established" that a movant may not rely on "arguments and evidence presented for the first time in a reply brief" unless "the court gives the nonmovant an adequate opportunity to respond." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 491 F. Supp. 2d 690, 704–05 (S.D. Tex. 2007) (quoting *Vais Arms, Inc. v. Vais,* 383 F.3d 287, 292 & n. 10 (5th Cir. 2004)); *see also Galderma Lab'ys, L.P. v. Actavis Mid Atl. LLC,* No. 4:06-CV-471-Y, 2008 WL 3822622, at *1 (N.D. Tex. July 23, 2008) ("It is well settled that the reply brief may not contain new evidence."); Local Rule 7.7 (contemplating that "[i]f a motion or response requires consideration of facts not appearing of record, proof by affidavit or other documentary evidence must be filed," but not contemplating the same for a reply). This is because "a reply brief that presents dispositive evidence by way of new affidavits and

1

exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Industries, Inc., v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). Otherwise, "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *see also iiiTec Ltd. v. Weatherford Tech. Holdings, LLC*, No. CV H-19-3386, 2022 WL 138030, at *6 (S.D. Tex. Jan. 14, 2022) ("[A] reply brief is not the appropriate vehicle for presenting new arguments or legal theories to the court." (citations omitted)). Accordingly, "when the movant raises new legal theories or attempts to present evidence at the reply stage," "[a] sur-reply is appropriate by the non-movant." *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at *5 (S.D. Tex. Mar. 23, 2017) (quoting *Murray v. TXU Corp.*, No. Civ. A 3:03CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005)).

Defendants respectfully request leave to file a response addressing Plaintiffs' new arguments and evidence. *See, e.g.*, *Simmons v. T-Mobile USA, Inc.*, No. CIVA H-06-1820, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006) (granting to leave to respond to newly raised evidence). For example, despite Defendants' repeated offers to provide Comirnaty to Plaintiffs, Plaintiffs newly argue in their reply that Defendants do not have "actual licensed" Comirnaty. ECF No. 25 at 7–9; *see also* ECF Nos. 25-2, 25-3 (attaching new evidence allegedly to that effect). Plaintiffs newly reference the Pfizer and Moderna bivalent vaccines that recently received emergency use authorization, arguing that that "the government will likely find that the bivalent vaccines . . . could be mandated for service members like Plaintiffs." ECF No. 25 at 9–10; *see also* ECF Nos. 25-5, 25-6 (attaching new evidence allegedly to that effect). Plaintiffs attach a new declaration from Bazzrea, acknowledging for the first time before this Court that he is fully vaccinated and newly alleging that his decision to do so has caused him "heartache." ECF No. 25-8. Plaintiffs attach a new declaration from non-plaintiff Justin E. Brown from an unrelated litigation, ECF No. 25-9, as new alleged evidence of "the religious hostility and sham [religious accommodation request] process," ECF No. 25 at 15. And although Wilder and Wadsworth previously indicated willingness to receive the Novavax vaccine, ECF No. 22 at 22 n.21,

2

Plaintiffs now provide a new declaration indicating that Wilder and Wadsworth have "subsequently discovered" that they oppose Novavax on religious grounds, ECF No. 25 at 16 n.19; ECF No. 25-10.

Plaintiffs' new allegations and evidence are factually incomplete and otherwise require clarification. Should the Court consider these new facts and arguments, the interests of fairness counsel in favor of allowing Defendants the chance to respond. In the alternative, Defendants request that this Court either strike the new facts and arguments from the record or decline to consider the new facts and arguments when deciding the pending motion for preliminary injunction. *See, e.g., Cooper v. Metro. Lloyds Ins. Co. of Texas*, No. 3:17-CV-1640-L, 2018 WL 620206, at *2 n.4 (N.D. Tex. Jan. 30, 2018) (declining to consider new argument and evidence submitted without leave).

Dated: Sept. 9, 2022                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Cassandra Snyder*
JODY D. LOWENSTEIN (MT #55816869)
CASSANDRA SNYDER (DC #1671667)
Trial Attorneys
Department of Justice, Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Cassandra Snyder
CASSANDRA M. SNYDER
Trial Attorney
