**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| MICHAEL BAZZREA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS, *et al.*, <br><br> Defendants. | Case No. 3:22-cv-00265 |

**DEFENDANTS' SURREPLY IN SUPPORT OF THEIR OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

    I.    Bazzrea's and Cheatum's alleged "worry" does not suffice to cure mootness. ............................................................................................................ 2

    II.    Defendants' offer to provide "actual licensed" Comirnaty to Plaintiffs moots Plaintiffs' statutory Emergency Use Authorization ("EUA") claims. ........................................................................................................... 3

        A.    Defendants have "actual licensed" Comirnaty. .................................... 3

        B.    Defendants' offer of Comirnaty moots Plaintiffs' EUA claims ................. 4

    III.    Plaintiffs present debunked evidence and mischaracterize the law in support of their RFRA claim. ............................................................................ 7

CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

Cases

*Antunes v. Rector & Visitors of Univ. of Va.*,
   2022 WL 4213031 (W.D. Va. Sept. 12, 2022) .................................................................. 4

*Ass'n of Am. Physicians & Surgeons v. FDA*,
   2020 WL 5745974 (6th Cir. Sept. 24, 2020) .................................................................... 4

*Austin v. U. S. Navy SEALs 1-26*,
   142 S. Ct. 1301 (2022) .............................................................................................. 7, 8, 9

*Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*,
   217 F.3d 393 (5th Cir. 2000) ...................................................................................... 6, 7

*Burwell v. Hobby Lobby Stores, Inc.*,
   573 U.S. 682 (2014) ........................................................................................................ 8

*Daniels Health Scis., LLC v. Vascular Health Scis., LLC*,
   710 F.3d 579 (5th Cir. 2013) .......................................................................................... 2

*Dierlam v. Trump*,
   977 F.3d 471 (5th Cir. 2020) .......................................................................................... 4

*Envtl. Conservation Org. v. City of Dallas*,
   529 F.3d 519 (5th Cir. 2008) .................................................................................. 2, 4, 5

*Gilligan v. Morgan*,
   413 U.S. 1 (1973) ............................................................................................................ 8

*Goldman v. Weinberger*,
   475 U.S. 503 (1986) ........................................................................................................ 7

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*,
   546 U.S. 418 (2006) ........................................................................................................ 8

*Hollingsworth v. Perry*,
   570 U.S. 693 (2013) ........................................................................................................ 5

*In re Navy Chaplaincy*,
   534 F.3d 756 (D.C. Cir. 2008) ........................................................................................ 5

*Libertarian Party v. Dardenne*,
   595 F.3d 215 (5th Cir. 2010) .......................................................................................... 6

*Lopez v. City of Houston*,
   617 F.3d 336 (5th Cir. 2010) .......................................................................... 6, 7

*Meadows v. Odom*,
   198 F. App'x 348 (5th Cir. 2006) ......................................................................... 2

*Monumental Task Comm., Inc. v. Foxx*,
   157 F. Supp. 3d 573 (E.D. La. 2016) .................................................................. 2

*Navy SEAL 1 v. Austin*,
   ---F. Supp. 3d---, 2022 WL 1294486 (D.D.C. Apr. 29, 2022) ........................ 1, 10

*Rostker v. Goldberg*,
   453 U.S. 57 (1981) ................................................................................................ 7

*Simon v. E. Ky. Welfare Rts. Org.*,
   426 U.S. 26 (1976) ................................................................................................ 5

*Spencer v. Kemna*,
   523 U.S. 1 (1998) ............................................................................................. 6, 7

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) .............................................................................................. 5

*Stringer v. Alben*,
   89 F. App'x 449 (5th Cir. 2004) ........................................................................... 4

Statutes

10 U.S.C. § 1107a .......................................................................................................... 4

21 U.S.C. § 360bbb-3 .................................................................................................... 4

21 U.S.C. § 360bbb-3(i) ................................................................................................ 4

42 U.S.C. § 262 .............................................................................................................. 4

42 U.S.C. § 2000bb-1(b) ................................................................................................ 8

**INTRODUCTION**

Plaintiffs' reply in support of their motion for a preliminary injunction contains factual errors and misstates the relevant law. First, although Plaintiffs admit for the first time before this Court that both Bazzrea and Cheatum are fully vaccinated in full compliance with their respective lawful orders to vaccinate, Plaintiffs allege that Bazzrea and Cheatum still have live claims because they suffer from anxiety and worry. But anxiety and worry cannot revive a mooted claim nor constitute irreparable injury necessary for preliminary injunctive relief. Bazzrea and Cheatum's claims are thus moot.

Next, in response to Defendants' repeated offers to provide Comirnaty to Plaintiffs, Plaintiffs incorrectly allege that Defendants do not have "actual licensed" Comirnaty. Pls.' Reply Br. ("Reply") at 8. Plaintiffs offer inaccurate evidence in support of that allegation. Because Plaintiffs do not identify any existing injuries to be redressed with respect to their statutory emergency use authorization ("EUA") claims, those claims are also moot.

Finally, Plaintiffs present debunked data from the Defense Medical Epidemiology Database (DMED) and mischaracterize the relevant law in support of their RFRA claims. Contrary to Plaintiffs' assertions, RFRA does not require this Court to balance allegedly competing compelling interests. Even Plaintiffs themselves recognize the impropriety of intruding on military operational decisions, despite asking this Court to do exactly that. *See* Reply at 6 n.3 (quoting *Navy SEAL 1 v. Austin*, ---F. Supp. 3d---, 2022 WL 1294486, at *6 (D.D.C. Apr. 29, 2022), *appeal filed*, No. 22-5114 (D.C. Cir. May 5, 2022)).

For the foregoing reasons, this Court should deny Plaintiffs' motion for a preliminary injunction.

**ARGUMENT**

**I.      Bazzrea's and Cheatum's alleged "worry" does not suffice to cure mootness.**

Plaintiffs acknowledge for the first time before this Court that both Bazzrea and Cheatum are fully vaccinated in full compliance with their respective lawful orders to vaccinate. Reply at 12, ECF No. 25. Their claims are thus moot, for reasons explained in Defendants' opposition to the preliminary-injunction motion. *See* PI Opp. at 11. Instead of relinquishing their requests for relief, however, Plaintiffs allege that Bazzrea and Cheatum still have live claims because they suffer from the ongoing harm of "heartache, . . . stress, anxiety, and worry" due to their choices to comply with their lawful orders to vaccinate. Decl. of Michael Bazzrea, ECF No. 25-8 ¶ 16. But such anxiety or worry does not constitute "a legally cognizable interest in the outcome" of this lawsuit. *See Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008). Indeed, none of Plaintiffs' requested declaratory or injunctive relief would redress Plaintiffs' worry. Bazzrea and Cheatum have already received the COVID-19 vaccine; no injunctive relief can undo that. Neither Bazzrea nor Cheatum were subject to any adverse action prior to their compliance with their lawful orders to vaccinate, and they certainly are not now; so no injunctive relief is possible. "In other words, enjoining [Defendants] from administering the [COVID-19 vaccine mandate] will not afford relief for these [Plaintiffs]." *Meadows v. Odom*, 198 F. App'x 348, 351 (5th Cir. 2006).

At the very least, such worry is insufficient to establish the kind of imminent and irreparable injury necessary to establish entitlement to the extraordinary remedy of preliminary injunctive relief. *See Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013); *see also Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 584

(E.D. La. 2016) ("[I]njunctions will not be granted merely . . . to soothe anxieties."). Indeed, Plaintiffs proffer no argument as to any future harm that Bazzrea and Cheatum now face, much less irreparable, imminent harm.

Accordingly, Bazzrea and Cheatum's claims are unlikely to succeed because Plaintiffs fail to establish that this Court has jurisdiction over their claims, and Plaintiffs also fail to establish that Bazzrea and Cheatum face the irreparable harm necessary to receive preliminary injunctive relief.

## II. Defendants' offer to provide "actual licensed" Comirnaty to Plaintiffs moots Plaintiffs' statutory Emergency Use Authorization ("EUA") claims.

### A. Defendants have "actual licensed" Comirnaty.

Despite Defendants' repeated offers to provide Comirnaty to Plaintiffs, Plaintiffs now retort that Defendants do not have "actual licensed" Comirnaty. Reply at 8. Plaintiffs argue that the Comirnaty vials in Defendants' possession are EUA vaccines rather than FDA-approved Comirnaty. But Plaintiffs rely on incorrect facts. Plaintiffs cite a "whistleblower complaint" submitted to Senator Ron Johnson, which alleges that when they asked for Comirnaty, the Coast Guard offered them vaccine vials from Lot FW1331, which was manufactured in Kalamazoo, Michigan. *See* ECF No. 25-2 at 1–2 (Sen. Johnson letter); ECF No. 25-3 ¶¶ 4–5, 8 (providing declaration of non-plaintiff Chad Coppin, one of the service members who submitted the whistleblower complaint to Sen. Johnson); *see also* Ex. 1, Decl. of Suzann Burk, Aug. 24, 2022 ¶ 5 & attachment (providing lot release information confirming that Comirnaty Lot FW1331 was manufactured in Kalamazoo, Michigan). Plaintiffs assert that "Kalamazoo was not a BLA-approved location for this lot at the time it was manufactured on January 28, 2022," and therefore the vials in Lot FW1331 are not "actual licensed"

3

Comirnaty. Reply at 7–8. That is not correct. On January 14, 2022, the FDA approved the Pharmacia and Upjohn Company LLC facility in Kalamazoo, Michigan to manufacture the 30 μg Tris/Sucrose formulated drug product. *See* Ex. 2, Decl. of Suzann Burk, Sept. 12, 2022 ¶ 5 & attachment. Plaintiffs thus proffer no evidence that Defendants do not have Comirnaty.[1]

## B. Defendants' offer of Comirnaty moots Plaintiffs' EUA claims.

Defendants' repeated offers to provide Comirnaty to Plaintiffs moot Plaintiffs' EUA claims—including their fifth claim alleging violations of 10 U.S.C. § 1107a, 21 U.S.C. § 360bbb-3, and 42 U.S.C. § 262, Compl. ¶¶ 159–69, ECF No. 1, and their sixth claim alleging violations of the Administrative Procedure Act, *id.* ¶¶ 170–83. Plaintiffs seek declaratory and injunctive relief. *See* Compl., ECF No. 1 at 79–80. This Court cannot grant "any effectual relief" with respect to Plaintiffs' EUA claims because Defendants have already offered exactly what Plaintiffs seek through their EUA claims: the ability to comply with DoD's vaccination requirement without taking a COVID-19 vaccine authorized only for emergency use. *See Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020) (citation omitted). Plaintiffs thus "lack a legally cognizable interest" in the resolution of these claims. *See* Defs.' Opp'n to Pls.' Mot. for Prelim. Inj. ("PI Opp.") at 12, ECF No. 22 (quoting *Env't Conservation Org.*, 529 F.3d at 527).

Plaintiffs argue that Defendants' provision of Comirnaty "does nothing to eliminate

---

[1] Plaintiffs also allege that if Comirnaty is available to them, then the EUAs for COVID-19 vaccines must terminate. PI Opp. at 8 n.5. But Plaintiffs have not challenged the validity of the EUA vaccines and cannot raise such a challenge for the first time in their reply brief. *See Stringer v. Alben*, 89 F. App'x 449, 452-53 (5th Cir. 2004). Nor are the EUAs subject to challenge under the APA. *See* 21 U.S.C. § 360bbb-3(i) (committing all actions taken under the EUA statute to agency discretion); *Ass'n of Am. Physicians & Surgeons v. FDA*, 2020 WL 5745974, at *3 (6th Cir. Sept. 24, 2020); *Antunes v. Rector & Visitors of Univ. of Va.*, 2022 WL 4213031, at *5 (W.D. Va. Sept. 12, 2022). Plaintiffs are also mistaken because, among other reasons, Congress expressly made revocation of an EUA a discretionary act; *see id.* § 360bbb-3(g)(2); and the EUA statute provides for continued authorization for an approved product with unapproved uses, *see id.* § 360bbb-3(a)(2)(B).

4

or redress Plaintiffs' existing injuries due to noncompliance" with their lawful orders to vaccinate. Reply at 9. But Plaintiffs do not identify any "existing injuries" to be redressed. *Id.* And in any event, acceptance of FDA-approved Comirnaty would redress the alleged injury at issue in this claim.

Plaintiffs attempt to muddy the water by arguing that "there are not . . . sufficient quantities of Comirnaty for un- or partially-vaccinated members." Reply at 8. But this is both irrelevant and incorrect. A plaintiff who lacks standing—as here, where two Plaintiffs are fully vaccinated and the remaining three unvaccinated Plaintiffs have been offered Comirnaty—cannot assert standing on behalf of unnamed third parties. *See, e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) ("[A] litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." (citation omitted)); *see also In re Navy Chaplaincy*, 534 F.3d 756, 760–61 (D.C. Cir. 2008) (Kavanaugh, J.). That Plaintiffs have filed a purported class action complaint makes no difference. "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016), *as revised* (May 24, 2016) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)). As to the three Plaintiffs who remain unvaccinated, DoD has more than enough Comirnaty to administer.

Even if uninjured plaintiffs could assert injury on behalf of a putative class—which the Supreme Court has definitively rejected, *see, e.g.*, *Spokeo*, 578 U.S. at 338 n.6—Plaintiffs'

assertion that DoD lacks sufficient Comirnaty is entirely speculative. Not all service members desire vaccination by Comirnaty. Indeed, many service members have already complied with their lawful orders to vaccinate by receiving non-Comirnaty vaccines. Service members may comply with the COVID-19 vaccine mandate by receiving one of the many vaccines available through their respective military service or through a civilian healthcare provider. That includes, for example, Pfizer's BLA-compliant vaccine, the FDA-approved Spikevax vaccine, or one of the several EUA vaccines available.

Plaintiffs' citation to the number of unvaccinated service members who have submitted religious accommodation requests (25,000), Reply at 8 n.7, does not in any way concern whether or not DoD is or will be short of Comirnaty. A religious objection to the COVID-19 vaccine is entirely distinct from an alleged failure to comply with statutory informed-consent laws for EUA vaccines. Put another way, 25,000 religious objectors are not seeking FDA-approved Comirnaty as a remedy.

Accordingly, Plaintiffs' statutory EUA claims are moot because Defendants have "actual licensed" Comirnaty and have offered Comirnaty to Plaintiffs.[2]

---

[2] Contrary to Plaintiffs' assertions, the fact that the new Pfizer and Moderna bivalent vaccines recently received EUAs is irrelevant. Plaintiffs speculate that "the government will likely find that the bivalent vaccines . . . could be mandated for service members like Plaintiffs." Reply at 9–10. But such sheer speculation cannot serve to maintain a live controversy. To the extent that Plaintiffs seek shelter under the exception to the mootness doctrine for issues capable of repetition yet evading review, *see generally* Reply at 9–10, that doctrine "'applies only in exceptional situations[.]'" *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 398 (5th Cir. 2000) (quoting *Spencer v. Kemna,* 523 U.S. 1, 17 (1998)). "[T]he party invoking jurisdiction must show a 'demonstrated probability' or 'reasonable expectation,' not merely a 'theoretical possibility,' that it will be subject to the same government action." *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) (quoting *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010)). Defendants have never engaged in the complained-of conduct to begin with (*i.e.*, mandating an EUA vaccine), so Plaintiffs cannot "be subject to the same action again." And, regardless, Plaintiffs' hypothetical harm would require a chain of speculative events to occur and does not suffice to show a "reasonable expectation" that Defendants would

### III. Plaintiffs present debunked evidence and mischaracterize the law in support of their RFRA claim.

Plaintiffs attempt to undermine Defendants' compelling interest under RFRA by relying upon erroneous evidence and mischaracterizing RFRA and the Supreme Court's order in *Austin v. U. S. Navy SEALs 1-26*, 142 S. Ct. 1301 (2022) (mem.).

First, Plaintiffs rely on erroneous evidence. As established in Defendants' previously submitted declarations, the COVID-19 vaccines are safe and effective. *See, e.g.*, Decl. of Col. Tonya Rans, ECF No. 22-2 ¶¶ 8–12, 16–18, 21, 28, 40–41, 43. In response, Plaintiffs proffer leaked, incorrect data from the Defense Medical Epidemiology Database (DMED). *See* Reply at 3 & n.1; *id.* at 4. That data has been debunked as an error in the DMED database. *See* Ex. 3, Decl. of Lieutenant Colonel Scott Robinson, M.D. ¶¶ 4–5, 7 (explaining the error in the DMED database and authenticating the DMED Information Paper); Ex. 4 (DMED Information Paper). Moreover, Plaintiffs' reliance on their putative experts is exactly the type of "expert testimony" the Supreme Court has dismissed in the military context as "quite beside the point," *Goldman v. Weinberger*, 475 U.S. 503, 509 (1986), and the Supreme Court has chastised district courts for "palpably exceed[ing] its authority" for "relying on [such] testimony," *Rostker v. Goldberg*, 453 U.S. 57, 81 (1981).[3]

---

mandate that Plaintiffs receive the EUA bivalent vaccines. *Lopez*, 617 F.3d at 340 (citation omitted). And even if that chain of speculative events did occur, the challenged action would not be too short in duration to foreclose litigation prior to cessation or expiration. *See Bayou Liberty Ass'n*, 217 F.3d at 398 (quoting *Spencer,* 523 U.S. at 17).

[3] Plaintiffs also newly proffer a declaration from non-plaintiff Justin Elisha Brown, ECF No. 25-9, submitted in a separate lawsuit in which Brown is a plaintiff, *see Alvarado v. Austin*, No. 3:22-cv-00265 (E.D. Va.). Brown, a Navy service member serving an assignment with the Coast Guard as a chaplain, alleges in his declaration that his religious accommodation request was wrongly denied and details a litany of grievances with his experience requesting a religious accommodation. *See generally* ECF No. 25-9. But Brown's experience with his own religious accommodation request is not relevant

7

Plaintiffs also mischaracterize the relevant test under RFRA by comparing allegedly competing "compelling governmental interest[s]." 42 U.S.C. § 2000bb-1(b). In particular, Plaintiffs attempt to compare the effect of vaccination on the military's compelling interest in the health and readiness of its forces against the effect of vaccination on the military's "compelling purpose in retaining trained, experienced, willing, patriotic service members." Reply at 19. Any such comparison, even if valid, is beside the point. RFRA asks only whether vaccination of Plaintiffs furthers *a* compelling interest; and, if so, whether there exist any lesser restrictive means of furthering *that* compelling interest. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 691–92 (2014). And to the extent that there are allegedly competing compelling interests implicated by vaccination, balancing those interests is irrelevant to RFRA and, moreover, is precisely the kind of "complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force [that] are essentially professional military judgments." *U.S. Navy SEALs 1-26*, 142 S. Ct. at 1302 (2022) (Kavanaugh, J., concurring) (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10, 93 (1973)) (cautioning that a court may not "insert[] itself into the [military's] chain of command, overriding military commanders' professional military judgments").

Finally, Plaintiffs also mischaracterize the Supreme Court's grant of the government's request for a partial stay in *Austin v. U.S. Navy SEALs 1-26*. Plaintiffs argue that the Supreme

---

to Plaintiffs' RFRA claims regarding their respective religious accommodation requests. RFRA requires an individualized analysis with respect to each Plaintiff. ***See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal***, 546 U.S. 418, 424 (2006). The RFRA inquiry is fact-intensive and highly personalized, and varies substantially from plaintiff to plaintiff. *See, e.g.*, PI Opp. at 24–25; 30–31. Non-plaintiff Brown's experience requesting a religious accommodation as a chaplain does not bear on Plaintiffs' experience requesting religious accommodations as a pilot, a boat crewman, or a VTS watch stander.

8

Court "left intact the district court's and the Fifth Circuit's determinations that RFRA claims largely identical to Plaintiffs were justiciable, ripe, and met all requirements for granting a preliminary injunction." Reply at 6. But the government did not challenge those determinations. Rather, the government asked the Supreme Court only for a partial stay of the district court's injunction. *See U.S. Navy SEALs 1-26*, 142 S. Ct. at 1301 (2022) (mem.). The Supreme Court granted that partial stay. *See id.* Thus, the district court's and the Fifth Circuit's remaining determinations were not at issue.

Moreover, the fact that the Supreme Court's stay of the district court injunction applied to the Navy SEALs and Naval Special Warfare operators in that case, Reply at 6, does not remotely undercut the fact that the Court recognized that an injunction precluding "the Navy from considering respondents' vaccination status in making deployment, assignment, and other operational decisions" was improper. *U.S. Navy SEALs 1-26*, 142 S. Ct. at 1301. Indeed, Plaintiffs themselves acknowledge the importance of vaccination in furthering the "need for worldwide deployability at a moment's notice." Reply at 6. And all three remaining unvaccinated Plaintiffs must be available for worldwide deployability at a moment's notice. *See* Decl. of Capt. Hans C. Govertsen, ECF No. 22-6 ¶ 6–7; Decl. of Lt. Pantelis N. Vasilarakis, ECF No. 22-7 ¶ 5–6; Decl. of Capt. Jason E. Smith ¶¶ 7. For example, Plaintiff Jorden's unit is designed to be deployed, *see* Vasilarakis Decl., ECF No. 22-7 ¶ 5, yet his deployments since the Coast Guard instituted the COVID-19 vaccine requirement have all been domestic temporary duty assignments.

Plaintiffs also recognize the impropriety of intruding on military operational decisions: in particular, that "[t]he tactical necessities of a particular mission are perhaps the epitome of

9

'complex, subtle, and professional decisions' otherwise left to the Commander-in-Chief and their subordinates." Reply at 6 n.3 (quoting *Navy SEAL*, 2022 WL 1294486, at *6). But that is exactly what Plaintiffs here ask this Court to do: intrude on the Coast Guard's tactical decisions regarding an MH65 Aircraft Commander who leads aircrews of a multi-mission aircraft on 24-hour alert duty; a Maritime Law Enforcement Specialist who spends half his time as part of a boat crew enforcing safety and security zones; and a Vessel Traffic System watch stander who stands 12-hour shifts monitoring commercial vessels. *See* PI Opp. at 24–25. The mere fact that Plaintiffs "are not special forces," Reply at 6, does not mean that the Coast Guard has no tactical interest in their duties.

Accordingly, Plaintiffs' erroneous evidence and mischaracterization of the law does not undermine the military's compelling interest in force health and readiness.

## CONCLUSION

Accordingly, the Court should deny Plaintiffs' motion for a preliminary injunction.

Dated: October 7, 2022    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Cassandra Snyder*
CASSANDRA SNYDER (DC #1671667)
JODY D. LOWENSTEIN (MT #55816869)
Trial Attorneys

10

U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2022, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

> */s/ Cassandra Snyder*
> CASSANDRA SNYDER
> Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch