IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MICHAEL BAZZREA**, *et al* § | | |
| Plaintiffs, § | | **Case No. 3:22-cv-00265** |
| § | | |
| v. § | | |
| § | | **Temporary Restraining** |
| **LLOYD AUSTIN, III**, *et al.*, § | | **Order Requested** |
| Defendants. § | | |
| § | | |

### PLAINTIFF SABRINA WILDER'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

Pursuant to Rule 65 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff Sabrina Wilder moves the Court for an Emergency Temporary Restraining Order ("TRO") to enjoin Defendants from discharging her during the pendency of her claims against them in this Court. Plaintiff is a member of the Coast Guard subject to the Department of Defense ("DOD") and Coast Guard Mandate and is one of the named plaintiffs in the July 25, 2022 class action complaint. ECF 1. This Motion is Opposed by Defendants; Plaintiffs have also proposed a shortened Response/Reply dates of 5 days and 3 days lest the Plaintiff be denied relief by being discharged in the interim. Defendants oppose.

### EXIGENT CIRCUMSTANCES

Petty Officer Second Class (PO2) Sabrina Wilder has served honorably in the Coast Guard for almost 6 years; her 5+ years career as an Operations Specialist in the Coast Guard is about to come to an involuntary end without intervention and

1

protection from this Court. PO2 Wilder and four other Coast Guard Plaintiffs – filed this lawsuit on July 25, 2022. ECF 1.

On Aug. 24, 2022, Plaintiff Wilder was called into her Commander's office and given a Notice of Intent to Discharge from with an attached fill-out form from the Defendant Coast Guard, dated Aug. 18, 2022. Ex. 1. Plaintiff submitted her Reply statement and form on Sep. 2, 2022. Under Coast Guard regulations, Plaintiff does not merit a separation board because she has less than 8 years of service. COMDTINST M1000.4 (series), ¶1.B.9.

PO3 Timothy Jorden is one of the five named plaintiffs who has already been discharged. His wife was 8 months pregnant at the time. He was discharged on Aug. 11, 2022, as he was running out of terminal leave days. This made him ineligible to receive Veterans Affairs Benefits and left his wife and newborn child without medical care or insurance. *See* Ex. 2, Decl. of Rachel Saran, ¶ 4. He also submitted an RAR that was denied under the Coast Guard's Categorical ban of RARs to the Vaccine Mandate. *See* ECF 1, ¶21.

LT Caleb Wadsworth is a named Plaintiff who received his Notification to Show Cause for retention in the Coast Guard before a Board of Inquiry on Oct. 4, 2022. He will submit his comments to the Board on this Friday, October 14, 2022. Plaintiff Wadsworth, a Coast Guard rescue helicopter pilot, has also been passed over for promotion from O-3 (Lieutenant) to O-4 (Lieutenant Commander) because of his vaccination status. *See* Ex. 2, ¶4; *see also* ECF 1-5, ¶3.

In addition to the discharges and adverse administrative actions being taken against the named Plaintiffs, the Intervenor Plaintiffs also continue to be discharged, dropped to the ISL, deemed ineligible for promotion, etc. Plaintiffs appreciate that potentially dispositive motions are pending with the Court, and Plaintiffs would be willing to wait for the Court's adjudication of those matters, but Defendant Coast Guard continues to whittle away at Plaintiffs, including named who are also Class Representatives – in Plaintiffs most recent Motion for Class Certification (ECF 38). More to the point, Plaintiffs have repeatedly asked Defendants' counsel for a brief pause in discharges by Defendant Coast Guard, during the pendency of these motions, specifically to avoid the need for this Emergency TRO. *See* Ex. 3, Email of Counsel. Indeed, in a case with identical RFRA claims from 122 members of the Coast Guard, the Defendant Coast Guard and its attorneys have negotiated a "pause" to any discharge of the named Plaintiffs in that case, and even one putative Plaintiff. *See* Ex. 4, *Jackson, et al. v. Mayorkas, et al.*, 4:22-cv-00825 (N.D. Tx), ECF 25, Status Update. The only difference between the cases is that the plaintiffs here also press non-RFRA claims regarding the status and licensure of the mRNA shots being administered.

## FACTUAL PREDICATE

PO2 Wilder submitted a Religious Accommodation Request (RAR) to be excused from the Mandate in September of 2021. ECF 1-2, ¶¶ 5-7. Plaintiff's RAR was denied initially on January 26, 2022; that denial contained glaring factual

3

errors regarding Plaintiff's work circumstances as part of the basis for denial. *Id.*, ¶ 9. Plaintiff Wilder appealed her RAR denial on Feb. 17, 2022. She received notice of her appeal denial on June 2, 2022. *Id.*, ¶ 10.

PO2 Wilder received a general, formal counseling (CG-3307) in her service record book on June 15, 2022, that ordered her to report to the nearest Walgreens pharmacy to receive her first Covid-19 vaccine by June 27, 2022, or face court-martial or administrative separation for violation of Art.92, UCMJ. *Id.*, ¶ 11.

Having considered the matter in light of her religious objections and all of the information she knew at the time, Plaintiff elected not to receive the shot. On July 5, 2022, she received an adverse, formal counseling (CG-3307) in her service record book for her decision. *Id.*

PO2 Sabrina Wilder's Notice of Intent to Discharge from the Defendant Coast Guard (of Aug. 24, 2022) came with a recommendation for a General Discharge. A General Discharge would cause Plaintiff Wilder to lose her post-9/11 GI Bill and VA Benefits that she's otherwise earned by her service. She is also the breadwinner for her husband and 2-year-old daughter, who rely on her benefits and military healthcare, both of which are within days of being lost. She is waiting to get an outdate from EPM and unsure of how to plan for her and her family's future. Ex. 2, ¶4b.

On July 25, 2022, the 5 named Plaintiffs, including Petty Officer Third Class Wilder, brought this class action as class representatives on behalf of themselves

4

and all similarly situated Coast Guard members who are subject to the DOD and Coast Guard Mandates. *See* ECF 1, Sec. VII, ¶¶ 103-11, pp. 45-50. The Complaint alleges that Defendants have violated the Religious Freedom Restoration Act ("RFRA"), the First Amendment Free Exercise Clause, the Fifth Amendment Due Process Clause, the Informed Consent Laws, the Public Health Safety Act, the Administrative Procedure Act ("APA"), and Defendants' own regulations.

In addition to the actions against the named Plaintiffs, the Defendant Coast Guard has also discharged at least 4 putative plaintiffs from the 125 Intervenors who previously petitioned the Court. *See* ECF 28. Alexis Colasurdo, Marc Block, A.J. Schur, and Brett Schmitt have all been kicked out of the Coast Guard[1]; one Reserve Intervenor Plaintiff, Dan Morrissey, has been dropped to the Inactive Status List (ISL). Dan Morrissey was given orders to ISL on Sept. 26, 2022; however, the orders were deemed "effective" on August 25, 2022, meaning that he had been pushed to ISL a month before he was notified. His health insurance was also ended on September 22, 2022, 4 days before being given notice of his retroactive drop to the ISL.

Of the remaining 125 intervenor plaintiffs, at least 20

---

[1] Alexis Colasurdo and A.J. Schur were both Coast Guard Academy cadets who were summarily disenrolled. Plaintiff Colasurdo eventually got her DD-214 Discharge Certificate from the Coast Guard after she moved back home with her family. Plaintiff A.J. Schur had no home to return to, so has remained homeless since her disenrollment from the Coast Guard Academy, whom she notified of this issue before she was thrown out. She is currently applying to a non-profit program in Kansas City, MO., that runs a veteran's homeless shelter. *See* Ex. 2, ¶5d.

>have discharge dates. Of the 20 with dates, 15 have discharge dates before 1 December 2022. Of the 15, 11 will be out of the Coast Guard in the next three weeks: Josh Candelaria, Matt Powers, Courtney Keith, Benjamin Coutts, Andrew Larsen, Richard Hardwick, Chad Atwood, Ryan Curry, James Merrill, Cody Hauser, and Mark Byrd.

Ex. 2, ¶8.

## PROCEDURAL PREDICATE

On July 25, 2022, the Commandant of the Coast Guard published ALCOAST 270/22, directing that "all non-compliant service members … be processed for separation." ECF 17-11, ALCOAST 270/22, ¶ 2.a. The set of those targeted by ALCOAST 270/22's call for immediate expulsion of the "non-compliant" includes the entire cohort of "unvaccinated" who filed for Religious Accommodation Requests (RARs), including Plaintiff Sabrina Wilder.

The ALCOAST order comes on the heels of several federal court decisions finding that three of the five branches of the Armed Services have been flagrantly violating the RFRA rights of the members who applied to the process in good faith.[2]

---

[2] *See U.S. Navy SEALs 1-26 v. Biden*, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022) ("*Navy SEALs 1-26*"), *stay denied*, 27 F.4th 346 (5th Cir. Feb. 28, 2022) ("*Navy SEALs 1-26* Stay Order"); *Navy SEAL 1 v. Austin,* 2022 WL 534459 (M.D. Fla. Feb. 18, 2022) ("*Navy SEAL 1*"), *stay denied pending appeal* No. 22-10645 (11th Cir. Mar. 30, 2022); *Air Force Officer v. Austin*, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022) ("*Air Force Officer*"); *Poffenbarger v. Kendall*, 2022 WL 594810 (S.D. Oh. Feb. 28, 2022) ("*Poffenbarger*"); *Doster v. Kendall*, 2022 WL 982299 (S.D. Ohio Mar. 31, 2022) (*"Doster"*); *Colonel Financial Management Officer, et al., v. Austin, et al.,* Case No. 8:22-cv-1275 (M.D. Fl.), ECF 229 (Aug. 18, 2022)("*CFMO*").

The current Defendant Commandant holds the dubious distinction of granting the fewest RARs of all of the services, including those services already enjoined.

The information publicly available when the Complaint was filed indicated that zero RARs had been granted by the Coast Guard. *See* Compl., ¶ 61 & Table 1. Defendants have recently provided more current data in their Response in Opposition to Plaintiffs PI Motion, showing that 12 RARs and RAR appeals have been granted out of 1,343 RARs submitted. *See* ECF 22-8, Ex. A. That is less than a 1% approval rate for religious accommodation requests – just slightly above zero.

Plaintiffs, however, maintain that the real number of RARs remains zero. Several other courts reviewing other Services' RFRA policies have found that the RARs granted by other services are in fact administrative exemptions for those in the final months of service.[3] Defendants have not attempted to dispute this claim in their response in opposition to Plaintiffs' PI Motion, ECF 17, or their recent Sur-reply. *See* ECF 37. The unrebutted evidence before this Court is that the USCG has effectively granted zero RARs.

The ALCOAST takes the unusual step of making a Secretary-level decision to discharge all possible plaintiffs who might challenge its validity without the

---

[3] *See, e.g., CFMO*, 2022 WL 3643512, at *1 (RARs granted only to marines those "who are due for retirement and prompt separation"); *Navy SEAL 1 v. Austin*, 2022 WL 534459, at *19 (M.D. Fla. Feb. 18, 2022) (same for Marine Corps and Navy); *Poffenbarger v. Kendall*, 2022 WL 594810, at *13 n.6 (S.D. Oh. Feb. 28, 2022) ("*Poffenbarger*") (same for Air Force).

benefit of any of the Due Process rights that many Coast Guardsmen have otherwise earned. To wit: members who have served more than 8 years in the Coast Guard acquire various Due Process rights, including the right to an Administrative Separation Board. *See* COMDTINSAT M1000.4 (Military Separation), ¶ 1.B.5.b *cf*. ¶ 1.B.5.c; *Accord* ¶ 1.B.9.e *cf*. ¶ 1.B.9.f.

This is particularly true where there is an allegation of "misconduct" as the basis for discharge.

> **Discharging Members with More than Eight Years Service for Misconduct.** Commanding officers shall process all cases in which they contemplate a discharge under other than honorable conditions for misconduct as Article 1.B.23. of this Manual prescribes. In addition, they shall follow that Article's procedures if considering discharging any member with eight or more years of total active and inactive military service for misconduct, even if contemplating an honorable or general discharge.

Id., ¶ 1.B.17.d. (bold in original).

Instead, the Defendant Coast Guard is taking the extraordinary step of treating these Notifications of Separation under ¶ 1.B.12. – Convenience of the Government. *See, e.g.*, Ex. 1, Separation Notice of Sabrina Wilder (Aug. 18, 2022) ("This is to inform you that I have initiated action to discharge you from the U.S. Coast Guard for the convenience of the government pursuant to the provisions of Reference (a).") Ref (a) is COMDTINST M1000.4 (series), entitled "Miltary Separations." Article 1.B.12.a.(7) is a discharge because of "[a] member's inability to perform prescribed duties, repeated absenteeism, or non-availability for

worldwide assignment."

Plaintiff's "non-availability" for deployment, however, is due entirely to the Defendant Coast Guard's own arbitrary, *ultra vires*, and medically-and-scientifically-unsupportable decision to assert that "the unvaccinated" are not "worldwide deployable" – when it suits them. *See generally* ECF 25, PL Reply Br., at 1-4 (lack of any supporting evidence) & 18 (deployability pretext).

First, the Defendant Coast Guard's policy and claim regarding Plaintiff Wilder are factually incorrect. Defendant ignores that the unvaccinated military Plaintiffs have *already* proven their capability for worldwide service during the pandemic, when they worked side-by-side with their colleagues completing the mission for 18 months or more, during the worst of the pandemic, *before* these magical mRNA gene therapy shots became available and the Mandates were announced in August 2021. This makes the Notification deficient and arbitrary.

The Notification is deficient because it explicitly contradicts the CDC's most recent guidance, made mandatory through the Defense Health Agency's recent bulletin regarding compliance with CDC Guidance for Covid-19. The Defense Health Agency is the DOD organization charged with mandating the entire DOD Covid-19 Response. DHA-IPM 20.004 (June 16, 2022), is a binding, mandatory issuance to all DOD Elements.

> *Purpose*. This Defense Health Agency-Interim Procedures Memorandum (DHA-IPM), based on the authority of the References (a) through (c), and in accordance with the guidance of References (d) through (ad), establishes the Defense Health

9

> Agency's (DHA) procedures to implement instructions, assign responsibilities, and prescribe procedures for the DHA's implementation of the DoD's COVID-19 Vaccination Program.

DHA-IPM 20.004, June 16, 2022.[4]

Attachment 2 of the DHA-IPM has the "Procedures" for implementing the program.

> b. DoD beneficiaries and other individuals eligible to receive vaccines from DoD will be offered COVID-19 immunization *in accordance with recommendations from the U.S. Centers for Disease Control and Prevention (CDC)*, its Advisory Committee on Immunization Practices (ACIP), FDA, and DoD guidance.
> (1) Deviation from FDA guidance or CDC recommendations will be published in policy.

*Id.* (emphasis added).

The DHA-IPM therefore compels all subordinate units to (a) comply with CDC recommendations, and (b) publish any deviations from CDC recommendations in a policy document.

On Aug. 11, 2022, the CDC updated its Guidance for the Pandemic:

> CDC's COVID-19 prevention recommendations **no longer differentiate based on a person's vaccination status** because breakthrough infections occur, though they are generally mild, and persons who have had COVID-19 but are not vaccinated have some degree of protection against severe illness from their previous infection.

ECF 17-6, Aug. 11, 2022 CDC Guidance, at 3 (emphasis added).

---

[4] Available here: https://media.defense.gov/2019/Dec/09/2002222065/-1/-1/0/CIM_1000_4.PDF

Defendants' continued insistence on differential treatment by vaccination status now runs directly against the CDC's guidance, and thereby violates the DHA-IPM order for implementing the Covid-19 response. Defendant's policy, and discharge of Plaintiff Wilder, also targets the people who have standing to bring to public scrutiny a service-wide, illicit religious discrimination program against members of the Coast Guard. Moreover, the Defendant Coast Guard just recently published a new instruction explicitly noting that Coast Guard members may not be compelled to take an EUA product. *see* Ex. 5, COMDTINST 6000.7, ¶ 3.D.3 (Sep. 2022). Yet that is exactly what the Defendants continue to do and to use as the basis for discharging Coast Guard Members like PO2 Wilder.

## **LEGAL STANDARD**

To obtain a TRO, a Plaintiff must establish:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.

*Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015). Courts may employ "a sliding scale" to "balance the hardships … with the degree of likelihood of success on the merits." *Fla. Med. Ass'n, Inc. v. U. S. Dep't of Health, Ed. & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979)(citation and quotation marks omitted). In a case involving the First Amendment, however, there is a presumption of irreparable injury, such that satisfaction of the first element is dispositive for other factors.

*Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct 63, 67, 208 L.Ed.2d 206 (2020) ("*Cuomo*"). This applies equally to violations to RFRA because it enforces First Amendment freedoms. *See, e.g., Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012).

## ARGUMENT

### I. PLAINTIFF MEETS THE REQUIREMENTS FOR A TRO.

#### A. Plaintiff Has a Substantial Likelihood of Success on the Merits.

Defendant Coast Guard has established a policy of refusing to grant any RARs for the DoD Mandate (the "No Accommodation Policy" or "Categorical RA Ban"). Similarly, the Navy adopted a process that did not even permit the possibility of approval. As a result, the court granted an injunction because of the sham process. *Navy SEALs 1-26*, 2022 WL 34443, at *5-6 (granting injunction based on whistleblower declaration). On August 30, 2021, just one week after the issuance of the DoD Mandate, the USCG adopted a new RAR process. *See* Compl., ¶ 56 & ECF 1-11, COMDTINST 1000.15. COMDTINST establishes distinct, centralized procedures for immunization-related RARs, which must be approved by the Commandant, rather than the commanding officers, as for other requests. *See* ECF 1-11, COMDTINST 1000.15, Encl. 1. The new rules also require RARs and RAR appeals to be processed within 30 days, but the USCG has uniformly failed to meet these deadlines. See Compl, ¶¶ 59-60. As a result of these new policies, the USCG has granted at most less than 1% of RARs. But even the handful of approved

RARs appear to be disguised administrative exemptions, so the Coast Guard may not have granted any RARs at all. *See* ECF, PL Reply Br., at 14-15 & nn. 13-14.

Plaintiff Wilder has pursued available military remedies, including a request for religious accommodation. Her denial letter is essentially identical to those received by other Plaintiffs and similarly situated class members. *See Id.*, ¶¶ 89-90. The only variations are names, dates, and descriptions of service members position and responsibilities, which are frequently incorrect. *See, e.g.*, ECF 1-2, Wilder Decl., ¶ 9 (incorrect description of duties for herself and unit).

### B. Plaintiffs and Intervenor Plaintiffs Will Suffer Irreparable Harm if a TRO is Not Granted.

Plaintiff is facing imminent discharge. Plaintiff has been deprived of her religious liberties protected by the First Amendment and enforced through RFRA's statutory protections. There can be "no question" that these types of restrictions on religious exercise "will cause irreparable harm." *Cuomo*, 141 S.Ct. at 67; *see also Elrod*, 427 U.S. at 373 (plurality opinion) ("[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury.").

Plaintiff has already had irreparable harm as a result of Defendants' willful religious discrimination for simply asking to exercise clearly granted rights in federal statutes and DoD's own regulations. Discharge terminates Plaintiff's entitlement to some court remedies, in particular preliminary injunctive relief, and constitutes willful interference in the judicial process to deprive this Court of

jurisdiction. These are not normally timed discharges that are incidentally occurring during the litigation. Plaintiff Wilder is not yet due to leave the service; this is an intentional early termination by Defendant Coast Guard.

Where the "circumstances surrounding [their] discharge, together with the resultant effect on the employee … so far depart from the normal situation… irreparable injury may be found." *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937 (1974). Plaintiffs meet this high standard "because these injuries are inextricably intertwined with Plaintiffs' loss of constitutional rights," and because "[t]he crisis of conscience imposed by the mandate is itself an irreparable harm." *Navy SEALs 1-26*, at *13 (citation omitted). In addition to the intertwined constitutional violations, Plaintiffs meet the *Sampson* standing because they will be "discharge[d] without an individualized assessment of their fitness for continued service and for reasons unrelated to their ability to service," coupled with a discharge with a misconduct characterization and stigmatic injuries that cannot be "address[ed] … through post-discharge intra-service procedures." *Roe*, 947 F.3d at 218. Additionally, forcing Plaintiffs to accept unwanted medical treatment and, "requiring a person to submit to an inoculation without informed consent or the presidential waiver is an irreparable harm for which there is no monetary relief." *Rumsfeld I*, 297 F.Supp.2d at 135.

### C. The Balance of Equities and Public Interest Favor Granting TRO.

A TRO is proper when "the balance of equities tips in [its] favor, and thatan

injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365 (2008). "These factors merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435, 129 S.Ct. 1749 (2009). "[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Campaign for S. Equal. v. Mississippi Dep't of Hum. Servs.*, 175 F. Supp. 3d 691, 711 (S.D. Miss. 2016) (citation and quotation marks omitted).

The balance of equities strongly weighs in favor of issuing a TRO. Defendants' "unclean hands" weigh strongly in favor of equitable relief for Plaintiff Wilder. Defendants' illegal vaccine mandate, categorical ban on religious accommodations, and now expedited "Needs of the Service" discharges are the reasons why Plaintiff Wilder needs an emergency injunction. Further, the requested relief does not impose any burden on Defendants because they do not have to do anything differently for the next weeks than they have for the past two years. The relief requested is relief that they have granted as a matter of course in related actions challenging the DOD Mandate, yet have inexplicably withheld for Plaintiffs (and putative plaintiffs) in this particular case.

## II. CONCLUSION

This Court should grant the relief requested herein and in the Proposed Order, namely:

(1) Enter a TRO enjoining Defendants from further disciplining or discharging Plaintiff Wilder until the Court's decision on the Plaintiffs' August 16, 2022 Motion for Preliminary Injunction, ECF 17; and

(2) Granting any other appropriate relief to preserve the status quo for named Plaintiffs.

Dated: October 12, 2022         Respectfully submitted,

*/s/ Dale Saran*
Dale Saran, Esq.
MA Bar #654781
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 480-466-0369
Email: dalesaran@gmail.com

*/s/ Travis Miller*
Texas Bar #24072952
*/s/ Brandon Johnson*
Brandon Johnson
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd.,
Suite 300 Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

*/s/ Simon Peter Serrano*
S. Peter Serrano, Esq.
WA Bar #54769
5238 Outlet Dr.
Pasco, WA 99301
Telephone: 530-906-9666
Email: pete@silentmajorityfoundation.org

*Attorneys for the Plaintiffs*

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel for Plaintiffs and Defendants conferred regarding the foregoing Motion by email between October 4-12, 2022. Defendants oppose this Motion.

Dated: October 12, 2022

Respectfully Submitted,

*/s/ Dale Saran*
Dale Saran

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day e-filed the foregoing Motion using the CM/ECF system.

Dated: October 12, 2022                    Respectfully Submitted,

*/s/ Brandon Johnson*
Brandon Johnson
