# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL BAZZREA, et al., ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | CA No. 3:22-cv-00265 |
| ) | |
| ALEJANDRO MAYORKAS, et al., ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## DECLARATION OF REAR ADMIRAL C. DAVID BARATA

I, REAR ADMIRAL DAVID C. BARATA, hereby declare and state:

1. I am a commissioned officer serving on active duty in the United States Coast Guard. I have served on active duty in the Coast Guard for twenty-nine years and am currently serving as the Commander, Personnel Service Center. I have served in this position since May, 2022. In this capacity, I am responsible for executing the Coast Guard's military human resource policies by recruiting, accessing, assigning, developing careers, maintaining well-being, compensating, separating and retiring the nearly 45,000 members of the active duty and reserve workforces. My prior staff assignments include Chief, Office of Budget and Programs, Director of Inspections and Compliance, Deputy Director, Marine Transportation Systems, Acquisition, Construction & Improvements Budget Coordinator and Program Reviewer in the Office of Budget and Programs, and Senior Marine Safety/Prevention Assignments Officer at the Coast Guard Personnel Command. My field assignments include Commanding Officer of Activities Europe, as well as tours at Sector Jacksonville, Marine Safety Office (MSO) Providence, MSO Miami and Marine Safety and Security Team Boston. I am a 1993 graduate of the U.S. Coast Guard Academy.

2.  I am generally aware of the allegations set forth in the pleadings filed in this matter and make this declaration in my official capacity, based upon my personal knowledge and upon information that has been provided to me in the course of my official duties. This declaration provides this Court with information regarding the current status of the five named plaintiffs in this case in response to the motion for a temporary restraining order filed by the plaintiffs.

3.  Of the five named plaintiffs in this lawsuit, two are now in compliance with the Coast Guard's COVID-19 vaccination requirement. Senior Chief Maritime Enforcement Specialist Michael J. Bazzrea and Boatswain Mate First Class Courtney A. Cheatum both completed the primary vaccination series.

4.  Maritime Enforcement Specialist Third Class (ME3) Timothy A. Jorden is no longer a member of the Coast Guard having been discharged on August 11, 2022, at the end of his enlistment contract. ME3 Jorden originally enlisted in the Coast Guard on October 24, 2016, for a period of four years. He reenlisted on February 2, 2019, for a period of three years making his new end of enlistment February 11, 2022. On January 15, 2020, ME3 Jorden received non-judicial punishment because he made a false official statement in violation of Article 107 of the Uniform Code of Military Justice. As a result, he was ineligible to reenlist or extend his enlistment without a waiver. He requested a policy waiver to reenlist or extend which was granted by Enlisted Personnel Management Division of Personnel Service Center on March 11, 2021. Although this permitted him to reenlist, ME3 Jorden chose to extend his enlistment for six months from February 11, 2022, to August 11, 2022. ME3 Jorden's discharge accordingly happened on August 11, 2022, because he had reached the end of his enlistment contract; he was not involuntarily separated prior to the end of his contract because he had failed to obey an order to receive the COVID-19 vaccination. ME3 Jorden received an honorable characterization of service upon discharge with a

separation code indicating end of enlistment and is therefore eligible for the veterans' benefits he earned during his service to the same extent as any other third class petty officer separated at the end of enlistment with an honorable characterization of service.

5. Operations Specialist Second Class (OS2) Sabrina Wilder is not in compliance with the Coast Guard's COVID-19 vaccination requirement. Her religious accommodation request was denied, and her appeal was denied on May 25, 2022. On or about August 24, 2022, the Commander, Coast Guard Sector Houston-Galveston informed her in writing, via a Notice of Intent to Discharge, that he had initiated action to discharge her from the Coast Guard, but that the final decision regarding whether to discharge her and the type of discharge OS2 Wilder would receive will be made by the Coast Guard Personnel Service Center, specifically the Enlisted Personnel Management Division, Advancements and Separations (CG-EPM-1). The Notice also informed her that there was a possibility that she would receive a General Discharge under Honorable Conditions rather than an Honorable Discharge. As a result, OS2 Wilder had the right to consult with a Coast Guard or Navy military lawyer prior to submitting a statement on her behalf. OS2 Wilder's separation package has reached CG-EPM-1, but no decision has been made regarding her discharge. If a decision is made to discharge OS2 Wilder, she will receive separation orders that will establish a date for separation of 30 days after the orders are issued. As of October 19, 2022, 163 Coast Guard members have been involuntarily separated and discharged from the Coast Guard for failure to comply with the COVID-19 vaccination requirements. As of October 19, 2022, all have received an Honorable Discharge with the exception of one member with a documented record of significant misconduct apart from the failure to be vaccinated who received a General Discharge.

6. The fifth named plaintiff is Lieutenant (LT) Caleb W. Wadsworth. On Oct 4, 2022,

3

LT Wadsworth received a notification that a Board of Officers, specifically a Board of Determination, would convene to recommend whether or not he should show cause for retention. He submitted his response statement to the Board on Friday, October 14, 2022. If the Board of Determination decides that LT Wadsworth does not need to show cause to be retained in the Coast Guard, his case will be closed. If the Board of Determination concludes he must show cause for retention, LT Wadsworth's case is referred to a Board of Inquiry, he would have the right to counsel and the opportunity to appear in person before the board of inquiry to present evidence, to question witnesses and to request his own witnesses. LT Wadsworth will be allowed a reasonable time, at least 30 days, to prepare his defense and will have access to and be furnished copies of all records relevant to his case at all stages of the proceedings. After hearing and considering the evidence, the Board of Inquiry will make its findings and recommendations. If the Board recommends LT Wadsworth be retained, the case is closed. If the Board recommends LT Wadsworth be separated, a Board of Review will be convened. The Board of Review considers everything considered by the Board of Inquiry and will determine without qualification whether to retain or separate LT Wadsworth. Again, if the Board decides to retain LT Wadsworth, the case is closed. If the Board recommends separation, that recommendation is sent to the Commandant, who has the final decision authority. Only if the Commandant concurs with the recommendation of all three boards to separate will LT Wadsworth be separated. By regulation, that separation cannot occur until the first day of the second month after the Commandant approves the recommendation of the board of review. The entire process takes at least six to nine months and can take longer.

7. Although LT Wadsworth was passed over for promotion this year, he will be considered for promotion by another promotion board during the summer of 2023. If LT

Wadsworth is passed over for promotion a second time, he would be discharged, but that discharge could take place as late as June 30, 2024.

8.  I hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and information.

Dated: October 20, 2022

DAVID C. BARATA
Rear Admiral
U.S. Coast Guard