IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL BAZZREA, *et al* | § § § | |
| Plaintiffs, | § § | Case No. 3:22-cv-00265 |
| v. | § § | **Temporary Restraining** |
| LLOYD AUSTIN, III, *et al.*, | § § | **Order Requested** |
| Defendants. | § | |

**PLAINTIFF SABRINA WILDER'S REPLY TO DEFENDANTS'
RESPONSE TO HER MOTION FOR
EMERGENCY TEMPORARY RESTRAINING ORDER**

Defendants' Response indicates a genuine confusion about the nature of Plaintiff Wilder's Motion and the inclusion of "factual details related to [named] Plaintiff Jorden and Plaintiff Wadsworth" as well as additional facts regarding the discharges of putative plaintiffs. Def. Opp. Brf., at 1. Accepting full responsibility for the possible confusion, Plaintiffs' counsel offers a more detailed explanation of the syllogism underlying Plaintiff Wilder's Motion – with explanations that explain why Plaintiff Wilder is entitled to the protection she asks of this Court – and to hopefully clarify the confusion regarding the nature of Plaintiff's motion (*Infra*, Sec. I).

Unfortunately, Defendant Coast Guard and its counsel are directly responsible for the need for this Motion. The Response steadfastly refuses to explain why the Defendant Coast Guard and its counsel are perfectly willing to pause administrative actions and proceedings against identically-situated Coast

1

Guardsmen with identical RFRA/1A claims case in the Northern District of Texas,[1] and yet continue to move forward discharging, forcing to submit to separation processing, etc., against Coast Guardsmen here in the Southern District. More pointedly, if the Defendant Coast Guard can get an Admiral to submit an affidavit to attempt to assuage the Court that Plaintiff Wilder is not in danger of being discharged, then why won't the Defendants simply provide that assurance for these Plaintiff Wilder after counsel's specific request to do so, particularly in light of the existing *Jackson* agreement? This would have avoided the necessity for the instant Motion during the pendency of the Court's ruling on the Preliminary Injunction Motion – something that Plaintiffs' counsel repeatedly asked for and was rebuffed. ECF 39-4.

### I. The Admiral's Affidavit Doesn't Rebut Facts of Plaintiff Discharges.

Nothing in Admiral Barata's declaration rebuts Plaintiffs' evidence demonstrating that both putative and named Plaintiffs are having adverse administrative actions taken against them on little to no notice – and sometimes even *retroactively*.

> In addition to the actions against the named Plaintiffs, the Defendant Coast Guard has also discharged at least 4 putative plaintiffs from the 125 Intervenors who previously petitioned the Court. *See* ECF 28. Alexis Colasurdo, Marc Block, A.J. Schur, and Brett Schmitt have all been kicked out of the Coast

---

[1] *Jackson, et al. v. Mayorkas, et al.*, 4:22-cv-00825 (N.D. Tx), ECF 25, Status Update. (ECF 39-5)

> Guard; one Reserve Intervenor Plaintiff, Dan Morrissey, has been dropped to the Inactive Status List (ISL). Dan Morrissey was given orders to ISL on Sept. 26, 2022; however, the orders were deemed "effective" on August 25, 2022, meaning that he had been pushed to ISL a month before he was notified. His health insurance was also ended on September 22, 2022, 4 days before being given notice of his retroactive drop to the ISL.

Pltff Wilder's TRO Motion, ECF 39, p. 5.

Both female Coast Guard Cadet putative Plaintiffs, Colasurdo and Schur, were gone from their command – the U.S. Coast Guard Academy – within a few weeks of being notified, with Cadet Colasurdo finally getting her DD-214 discharge certificate after repeated inquiries to the Defendant Coast Guard. *Id.*

The inclusion in Plaintiff Wilder's Motion of these actions by Defendant Coast Guard against both putative and named plaintiffs in this case is not intended to convey that the motion is on behalf of all Plaintiffs – as Defendants' clearly state they believe (Opp. Brf. at 1). Rather, Plaintiff Wilder's claim is that she has waited as long as seems tenable under the circumstances, given that (1) other members of this lawsuit, both named and prospective plaintiffs, are having adverse actions taken against them, up to and including discharges and retroactive drops to the ISL; and (2) as a comparison for the Court to consider and contrast with Defendant Coast Guard and its counsel's actions in the *Jackson v. Mayorkas* case in N.D. Texas.

## II. Defendants Continue to Advance Untenable Legal Arguments.

Defendants' Response continues the tradition of asserting legal arguments

that have been soundly dismissed in both federal district and circuit courts after simple reading of the statutes in question: namely, (1) that any Plaintiffs' "claims are nonjusticiable," (Opp. Brf., at 4-5); (2) that "Plaintiffs lack standing" (*Id.* at 5); and (3) that Plaintiffs' "do not have ripe claims" because they have "not completed separation proceedings." *Id.*

First, there is an inherent solipsism (via logical contradiction) in the governments' arguments regarding named Plaintiffs. Plaintiff Jorden, the Defendants claim, has no justiciable claims because he has already been kicked out of the Coast Guard, but Wilder and Wadsworth – though still on active duty – have "failed to exhaust their remedies" and their claims are not yet "ripe" because they "have not completed separation proceedings." i.e. Been kicked out. The Defendants' suggested legal construct is straight out of Joseph Heller's *Catch-22*, the perfect legal system in which you only have non-justiciable claims once you're kicked out, but until you get kicked out you haven't adequately exhausted your remedies, nor are your claims ripe. While this may seem clever to sophists, it really serves to reinforce just how little Defendant Coast Guard thinks of the Plaintiffs and all of the volunteers who serve. Dare to seek judicial enforcement of your claims and this is what the Defendants want people to know awaits – judicial and career purgatory.

Second, as far more learned jurists have already noted, "whether RFRA claims are even subject to an exhaustion requirement is an open question. Nor does

4

the Department offer any authority for the proposition that such a requirement would lack a futility exception."[2] Plaintiffs have RFRA and Constitutional claims, as well as APA and declaratory judgment claims. Plaintiffs do not need to exhaust their administrative remedies. But, even if they did, Defendants continue to ignore that 4/6 of the Defendant DoD is already enjoined for its widespread, systemic Religious Accommodation practices, of exactly the kind present in this case.[3]

Speaking of the futility doctrine…

### III. Defendants Actions Above Should Be Judged in Light of Their Purposeful Violation of Plaintiffs' Rights.

On October 18, 2022, 15 members of the House Committee of Oversight and Reform sent a letter to the Coast Guard Commandant inquiring about evidence they had received indicating that someone in the Defendant Coast Guard had willfully violated the rights of their fellow Coast Guardsmen by creating and using a digital tool to generate canned responses to Plaintiffs' Religious Accommodation

---

[2] *Doster v. Kendall*, No. 22-3702 (6th Cir., Sep. 9, 2022), at 8 (internal citation omitted).

[3] *See U.S. Navy SEALs 1-26 v. Biden*, 2022 WL 34443 (N.D. Tex. Jan. 3, 2022) ("*Navy SEALs 1-26*"), *stay denied*, 27 F.4th 346 (5th Cir. Feb. 28, 2022) ("*Navy SEALs 1-26* Stay Order"); *Navy SEAL 1 v. Austin,* 2022 WL 534459 (M.D. Fla. Feb. 18, 2022) ("*Navy SEAL 1*"), *stay denied pending appeal* No. 22-10645 (11th Cir. Mar. 30, 2022); *Air Force Officer v. Austin*, 2022 WL 468799 (M.D. Ga. Feb. 15, 2022) ("*Air Force Officer*"); *Poffenbarger v. Kendall*, 2022 WL 594810 (S.D. Oh. Feb. 28, 2022) ("*Poffenbarger*"); *Doster v. Kendall*, 2022 WL 982299 (S.D. Ohio Mar. 31, 2022) ("*Doster*"); *Colonel Financial Management Officer, et al., v. Austin, et al.,* Case No. 8:22-cv-1275 (M.D. Fl.), ECF 229 (Aug. 18, 2022)("*CFMO*").

Requests. *See* Ex. 1, Letter from House Committee.[4] Most importantly, the Committee Letter notes:

> In anticipation of USCG service members raising concerns about their applications not being reviewed individually, a RAAG drop-down menu offered a response option for the assertion that "the Coast Guard did not provide an individualized assessment of the Member's request." But ironically, it appears that the USCG afforded almost no one an individualized assessment. Although a dropdown menu included an overall "Recommendation for Appeal," none of the computer-assisted form language included text that would justify granting an appeal, indicating that the officials who designed the tool did not contemplate granting an appeal in the first place.

*Id.*

In sum, just as Plaintiffs have alleged all along, the Coast Guard has engaged in a coordinated and digitally designed and supported campaign to willfully violate the rights of servicemembers under both RFRA and the establishment clause of the U.S. Constitution. This is as clear-cut an example of willful discrimination as there has likely ever been presented showing that Defendant's never intended to grant a

---

[4] The letter explains that a Coast Guard whistleblower provided copies of screenshots of the Coast Guard's "Religious Accommodations Appeal Generator" ("RAAG"). Upon information and belief, Exhibit 2 is one of a series of screenshots of the auto-generated responses from the RAAG, using drop down menus with rebuttals to the Top 25 claims made by service members' in their religious accommodation requests. Upon information and belief, Exhibit 3 is a Word document of canned denial paragraphs by Sector, Ship, or Station, that was designed – and used by members of the Coast Guard – to deny legitimate and sincere RARs from Coast Guardsmen by adding those paragraphs alongside the dropdown rebuttals.

single Religious Accommodation. The Defendant Coast Guard has been engaged in a designed and executed campaign of discrimination – all while its counsel simultaneously claims that mantle of smug righteousness surrounding "lawful" orders as it denigrates unvaccinated Plaintiffs as a "threat… to… the other service members" that "severely undermine[s] discipline[.]" Opp. Brf., At 8.

## IV. Defendants Least Restrictive Means Test Is a Farce.

Defendants next assertion is that "Plaintiffs are unlikely to succeed on the merits on their RFRA or First Amendment claims because the Coast Guard has extraordinarily compelling interests in military readiness and the health and readiness of its forces—Plaintiffs included—and no less restrictive measure serves those interests equally well as vaccination. *See* Defs.' P.I. Opp. at 21–34." First, there are some stolen bases in the broad phrase that "no less restrictive measure serves those interests equally well as vaccination." Plaintiffs have already demonstrated that these shots are not "vaccines" as defined by the DoD's own extant regulation, and upon which it relies for the implementation of its Mandate. The CDC's definition change after the program's launch provides corroboration that government health officials were aware shortly after the launch that the shots didn't provide immunity.

In other words, perhaps the assertion is true of *some* vaccination programs in the past, but Defendants have done nothing to rebut the myriad of evidence that shows that this vaccination program is a complete and total failure, built on fraud.

Janine Small, President of International Developed Markets at Pfizer, the manufacturer of the most predominant licensed vaccine, testified before an EU Covid Hearing on October 10, 2022, and admitted "that the Pfizer mRNA vaccine was *never tested* or shown *before its release,* to impact the transmission of the SARS-NCOV2 virus."[5] This is a stunning admission. As Plaintiffs have pointed out from their complaint, the FDA granted a license to Pfizer's mRNA vaccine "indicated for active immunization to prevent coronavirus disease 2019 (COVID-19)." *See, e.g.*, Ex. 4, Comirnaty Gray Cap Package insert. This would mean that there was never any data for the FDA to conclude that the product had any "efficacy" for its licensed purpose at all.

This doesn't even begin to address that the President himself has now stated that "The pandemic is over. We still have a problem with COVID. We're still doing a lot of work on it. But the pandemic is over. If you notice, no one's wearing masks. Everybody seems to be in pretty good shape…"[6] The Defendants continue to attempt to force an unlicensed, defunct, abandoned vaccine when the CDC has updated its guidance to say that there should be no difference in treatment between the vaccinated and unvaccinated and the president says that the pandemic is over.

---

[5] *See, e.g.*, https://medika.life/pfizer-confirms-mrna-vaccine-never-tested-for-preventing-covid-transmission/ (emphasis added)

[6] *See, e.g.*, https://www.npr.org/2022/09/19/1123767437/joe-biden-covid-19-pandemic-over

## I. CONCLUSION

This Court should grant the relief requested herein and in the Proposed Order, namely:

(1) Enter a TRO enjoining Defendants from further disciplining or discharging Plaintiff Wilder until the Court's decision on the Plaintiffs' August 16, 2022 Motion for Preliminary Injunction, ECF 17; and

(2) Granting any other appropriate relief to preserve the status quo for named Plaintiffs.

Dated: October 24, 2022    Respectfully submitted,

*/s/ Dale Saran*
Dale Saran, Esq.
MA Bar #654781
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 480-466-0369
Email: dalesaran@gmail.com

*/s/ Travis Miller*
Texas Bar #24072952
*/s/ Brandon Johnson*
Brandon Johnson
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd.,
Suite 300 Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

*/s/ Simon Peter Serrano*
S. Peter Serrano, Esq.
WA Bar #54769

5238 Outlet Dr.
Pasco, WA 99301
Telephone: 530-906-9666
Email: pete@silentmajorityfoundation.org

*Attorneys for the Plaintiffs*

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel for Plaintiffs and Defendants conferred regarding the foregoing Motion by email between October 4-12, 2022. Defendants oppose this Motion.

Dated: October 24, 2022

            Respectfully Submitted,

            */s/ Dale Saran*
            Dale Saran

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day e-filed the foregoing Motion using the CM/ECF system.

Dated: October 24, 2022      Respectfully Submitted,

            */s/ Brandon Johnson*
            Brandon Johnson