# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| MICHAEL BAZZREA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00265 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**Under Rule 26(f) of the**
**Federal Rules of Civil Procedure**

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email.**

    Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held among the parties by telephone on October 28, 2022. The following counsel were in attendance:

    For Plaintiffs:

    Travis Miller, Esq.
    Texas Bar #24072952
    Defending the Republic.
    2911 Turtle Creek Blvd.,
    Suite 300 Dallas, TX 75219
    Email: twm@defendingtherepublic.org

    Brandon Johnson, Esq.
    DC Bar No. 491370
    Defending the Republic
    2911 Turtle Creek Blvd.,
    Suite 300 Dallas, TX 75219
    Tel. 214-707-1775
    Email: bcj@defendingtherepublic.org

1

/s/ Dale Saran
Dale Saran, Esq.
MA Bar #654781
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 480-466-0369
Email: dalesaran@gmail.com

S. Peter Serrano, Esq.
WA Bar #54769
5238 Outlet Dr.
Pasco, WA 99301
Telephone: 530-906-9666
Email: pete@silentmajorityfoundation.org

For Defendants:

Jody D. Lowenstein
Montana Bar No. 55816869
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

Cassandra Snyder
DC Bar No. 1671667
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

**2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

The following cases were each brought by members of the United States Coast Guard on behalf of themselves and a putative class and involve similar challenges to the military's COVID-19 vaccination requirement:

- *Jackson v. Mayorkas*, No. 4:22-cv-825 (N.D. Tex.)
- *Pilot v. Austin*, No. 8:22-cv-1278 (M.D. Fla.)

2

The following cases also challenge the military's COVID-19 vaccination requirement, many of which involve similar claims:

- *Abbott v. Biden*, No. 6:22-cv-3 (E.D. Tex.)
    - Interlocutory appeal, No. 22-40399 (5th Cir.)
- *Air Force Maj. v. Austin*, No. 3:22-cv-756 (N.D. Tex.)
- *Air Force Off. v. Austin*, No. 5:22-cv-9 (M.D. Ga.)
    - Interlocutory appeal, No. 22-11200 (11th Cir.)
- *Alvarado v. Austin*, No. 1:22-cv-876 (E.D. Va.)
- *Chancey v. Biden*, No. 1:22-cv-110 (N.D. Fla.)
- *Church v. Biden*, No. 1:21-cv-2815 (D.D.C.)
- *Clements v. Austin*, No. 2:22-cv-2069 (D.S.C.)
- *Coker v. Austin*, No. 3:21-cv-1211 (N.D. Fla.)
- *Col. Fin. Mgmt. Off. v. Austin*, No. 8:22-cv-1275 (M.D. Fla.)
- *Creaghan v. Austin*, No. 1:22-cv-981 (D.D.C.)
    - Interlocutory appeal, No. 22-5135 (D.C. Cir.)
- *Crocker v. Austin*, No. 5:22-cv-757 (W.D. La.)
- *Crosby v. Austin*, No. 8:21-cv-2730 (M.D. Fla.)
- *Davis v. Austin*, No. 3:22-cv-237 (M.D. Fla.)
- *Doster v. Kendall*, No. 1:22-cv-84 (S.D. Ohio)
    - Interlocutory appeal, No. 22-3702 (6th Cir.)
- *Dunn v. Austin*, No. 2:22-cv-288 (E.D. Cal.)
    - Interlocutory appeal, No. 22-15286 (9th Cir.)
- *Hyatt v. Austin*, No. 8:22-cv-1188 (M.D. Fla.)
- *Navy SEAL 1 v. Austin*, No. 8:21-cv-2429 (M.D. Fla.)
    - Interlocutory appeal, No. 22-10645 (11th Cir.)
- *Navy SEAL 1 v. Austin*, No. 1:22-cv-688 (D.D.C.)
    - Interlocutory appeal, No. 22-5114 (D.C. Cir.)
- *Navy SEALs 1–3 v. Austin*, No. 4:21-cv-1236 (N.D. Tex.)
    - Interlocutory appeal, No. 22-10534 (5th Cir.)
- *Poffenbarger v. Kendall*, No. 3:22-cv-1 (S.D. Ohio)
- *Roth v. Austin*, No. 8:22-cv-3038 (D. Neb.)
    - Interlocutory appeal, No. 22-02058 (8th Cir.)
- *Rudometkin v. Austin*, No. 1:21-cv-2220 (D.D.C.)
- *Schelske v. Austin*, No. 6:22-cv-49 (N.D. Tex.)
- *Schneider v. Austin*, No. 3:22-cv-293 (S.D. Tex.)
- *Short v. Berger*, No. 22-16607 (9th Cir.)
- *Sigoloff v. Austin*, No. 4:22-cv-923 (N.D. Tex.)
- *Spence v. Austin*, No. 4:22-cv-453 (N.D. Tex.)

- *Wilson v. Austin*, No. 4:22-cv-438 (E.D. Tex.)

3. **Briefly describe what this case is about.**

Five Plaintiffs who serve in the United States Coast Guard have sued, on behalf of themselves and a putative class, the Secretary of Defense, the Secretary of Homeland Security, the Commandant of the Coast Guard, and the Acting Commissioner of the Food and Drug Administration. They allege that the military's COVID-19 vaccination requirement violates (i) the Religious Freedom Restoration Act ("RFRA"); (ii) the Free Exercise Clause of the First Amendment; (iii) the Due Process Clause of the Fifth Amendment; (iv) the Administrative Procedure Act ("APA"); and (v) 10 U.S.C. § 1107a and 21 U.S.C. § 360bbb-3.

4. **Specify the allegation of federal jurisdiction.**

Plaintiffs' statement:

- This case presents jurisdiction under federal law, for Defendants' violations of First and Fifth Amendments of the United States Constitution; RFRA, 42 U.S.C. §2000bb-1, *et seq.*; the APA, 5 U.S.C. § 551, *et. seq.*; 10 U.S.C. § 1107a; 21 U.S.C. § 360bbb-3; and 42 U.S.C. § 262.
- Additionally, this Court has subject matter jurisdiction under 8 U.S.C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff.
- The matters remain ripe because (1) Defendants have engaged in systematic discrimination against the Plaintiffs RFRA/1A rights; (2) the mRNA shots remain unlicensed, gene-therapies that do not meet DoD's own definition to be considered "vaccines"; (3) Defendants still have not provided Plaintiffs a properly licensed product; and (4) RFRA, APA and constitutional claims are explicitly the province of the federal courts.
- The matters also remain ripe because the Defendants (1) have begun to mandate boosters for members of the military; and (2) have claimed that bivalent vaccine lot numbers are actually "Comirnaty-labeled" products in related cases.
- All Plaintiffs – putative or named – have also been subject to repeated adverse personnel actions during the pendency of these claims, some of which include: denial of normal professional education opportunities, rank taken away, been removed from promotion lists, denied normal Leave and Liberty, been restricted to within 50 miles of their residence or the base, etc.
    - Additionally, at least 21 of the 228 Putative Plaintiffs (almost 10%) who have sought intervention in this case have been discharged or disenrolled from the Coast Guard Academy (if on active duty), or dropped to the ISL (if Reserve) by the Defendant Coast Guard since the case was filed on July 22, 2022.

4

- o Named plaintiff Jorden has been discharged; named plaintiff Wilder has been given a NOID over 6 weeks ago, and named plaintiff Wadsworth has been notified (and is preparing for) a Board of Inquiry/Board of Officers to determine if he can stay in the Coast Guard.
- o Another 5 putative plaintiffs are due to be discharged or dropped by Nov. 4, with a much larger tranche on Dec. 1, 2022, just like the *Jackson v. Mayorkas* plaintiffs are facing and of which the government is well aware.

**5.  Name the parties who disagree with the plaintiffs' jurisdictional allegations and state their reasons.**

Defendants' statement: Defendants disagree with Plaintiffs' jurisdictional allegations for the following reasons:

- Plaintiff Bazzrea's and Plaintiff Cheatum's claims are moot because they are fully vaccinated against COVID-19.
- Plaintiff Jorden's claims, which seek only declaratory relief and prospective injunctive relief to prevent Defendants from disciplining him for failing to become vaccinated against COVID-19, are moot because he is no longer a member of the Coast Guard and is thus no longer subject to the military's COVID-19 vaccination requirement. Therefore, he faces no potential discipline for refusing to become vaccinated against COVID-19.
- Plaintiffs' claims under 10 U.S.C. § 1107a and 21 U.S.C. § 360bbb-3 are moot because each Plaintiff may comply with the military's COVID-19 vaccination requirement by receiving available doses of Comirnaty.
- Plaintiffs lack Article III standing to assert their claims against the FDA because they have alleged no injury fairly traceable to the FDA's actions or that could be redressed by an order against the FDA.
- Plaintiff Wilder's and Plaintiff Wadsworth's claims are not constitutionally ripe because they have not been involuntarily separated or otherwise disciplined for failing to comply with the military's COVID-19 vaccination requirement.

Defendants reserve the right to assert additional jurisdictional defenses in this matter.

**6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiffs' statement: Plaintiffs do not foresee the addition of any parties other than the current Putative Plaintiffs who have sought to intervene.

Defendants' statement: Defendants do not think that any additional parties should be included in this lawsuit.

**7. List anticipated interventions.**

Two hundred and twenty-eight individuals have sought to intervene in this action. *See* Plaintiff-Intervenors' Opposed Motion to Intervene, ECF No. 23; Plaintiff-Intervenors' Opposed Motion to Intervene, ECF No. 28.

<u>Plaintiffs' statement:</u> The parties do not anticipate other interventions, but there are potentially additional remaining Coast Guardsmen who Defendants have not yet discharged and may desire to intervene in the action should a class be certified.

**8. Describe class-action issues.**

<u>Plaintiffs' statement:</u> Plaintiffs have sought class certification.

<u>Defendants' statement:</u> Defendants intend to oppose Plaintiffs' motion to certify two classes under Federal Rule of Civil Procedure 23. The grounds for opposing class certification will be set forth in Defendants' forthcoming opposition brief, which is due on or before October 31, 2022.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.**

Neither party has made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). Both parties intend to provide their initial disclosures on or before November 8, 2022, pursuant to the Court's order of July 27, 2022. *See* ECF No. 3.

**10. Describe the proposed agreed discovery plan, including:**

**a. discovery is needed on the following subjects:**

The parties respectfully submit that the focus and scope of any discovery will depend on the Court's resolution of Plaintiffs' pending motion for class certification and the putative intervenors' pending motions to intervene, as well as any forthcoming motion to dismiss that Defendants may file. Nevertheless, the parties set forth their respective views regarding certain discovery issues below. *See infra* ¶ 11.

**b. the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party:**

June 5, 2023

c. **the date experts for defendant will be designated and their reports provided to opposing party:**

July 17, 2023

d. **the date discovery can reasonably be completed:**

September 18, 2023

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views proposals of each party.**

Plaintiffs' statement: Plaintiffs have interwoven APA and constitutional claims and does not think that the claims can be neatly broken out. For example, even Plaintiffs RFRA violations, which must include an analysis of the government's "least restrictive means" to accomplish its allegedly compelling interests. Plaintiffs believe that must and should include the issue of Plaintiffs' natural immunity and why the Defendants have intentionally chosen to ignore it. That evidence is also relevant (both material and logically relevant) to the Court's APA analysis. There are also multiple agencies who are Defendants and that also raises issues of "stovepipe" record review vs. the efficiency of from the start simply tailoring the discovery that it relevant to the pleaded allegations for these plaintiffs.

Defendants' statement: If the Court reaches the merits of Plaintiffs' claims that are explicitly pled under the APA or should be decided thereunder, Defendants submit that these claims should be resolved solely on the basis of the administrative record, without discovery. *See* Fed. R. Civ. P. 26(a)(1)(B), (f)(1) (exempting administrative-record cases from Rule 26 requirements). Defendants will therefore endeavor to promptly compile and produce the administrative records for this case.

In the event that discovery proceeds on Plaintiffs' RFRA claims, Defendants would plan to conduct discovery on, *inter alia*, (i) the nature of Plaintiffs' religious-accommodation requests; (ii) the sincerity of their religious beliefs regarding vaccination and whether those beliefs are religious in nature; (iii) the burden that the Department of Defense's and the Coast Guard's COVID-19 vaccination requirements impose on those beliefs; and (iv) any means that Plaintiffs suggest are less restrictive and equally as effective as vaccination in preventing severe illness, hospitalization, and death of Coast Guard service members. And if Plaintiffs' claims under 10 U.S.C. § 1107a and 21 U.S.C. § 360bbb-3 proceed, Defendants would plan to seek discovery on Plaintiffs' efforts to obtain doses of Comirnaty.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

To date, no party has undertaken discovery beyond initial disclosures.

**13.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties do not think that this case can be settled at this time.

**14.  Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

To date, the parties have acted promptly to brief several disputed issues, *see infra* ¶ 20, that are appropriately suited for judicial resolution.

**15.  From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

The parties do not think that any alternative dispute resolution techniques would be effective at this time.

**16.  With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and nonjury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.**

The parties do not unanimously consent to the United States Magistrate Judge presiding over a trial in this matter.

**17.  State whether a jury demand has been made and if it was made on time.**

Plaintiffs timely demanded a jury trial in their complaint. *See* ECF No. 1.

**18.  Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).**

At this stage of the case, the parties are not prepared to provide a reasonable and informed estimate of the number of hours it would take to try any triable issues.

**19.  List pending motions that could be ruled on at the initial pretrial conference.**

The parties do not believe that there are any pending motions that could be ruled on at the initial pretrial conference.

**20.  List other motions pending.**

The following motions are pending:

- Plaintiffs' Motion for Preliminary Injunction, ECF No. 17
- Plaintiff-Intervenors' Opposed Motion to Intervene, ECF No. 23
- Plaintiff-Intervenors' Opposed Motion to Intervene, ECF No. 28
- Plaintiffs' Motion for Class Certification, ECF No. 38
- Plaintiff Sabrina Wilder's Motion for Emergency Temporary Restraining Order, ECF No. 39

**21. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.**

The parties do not think there are any other matters deserving of this Court's special attention at the initial pretrial and scheduling conference.

**22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.**

Plaintiffs' statement: Plaintiffs have already filed the requisite statement. ECF 12.

Defendants' statement: As officers of the United States government, sued in their official capacity, Defendants do not understand the Court's order of July 27, 2022, to require them to file a Disclosure of Interested Parties

Dated: October 30, 2022

Respectfully submitted,

*/s/ Dale Saran*
Dale Saran, Esq.
MA Bar #654781
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 480-466-0369
Email: dalesaran@gmail.com

Travis Miller, Esq.
Texas Bar #24072952
Defending the Republic.
2911 Turtle Creek Blvd.,
Suite 300 Dallas, TX 75219
Email: twm@defendingtherepublic.org

Brandon Johnson, Esq.
DC Bar No. 491370
Defending the Republic
2911 Turtle Creek Blvd.,
Suite 300 Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

S. Peter Serrano, Esq.
WA Bar #54769
5238 Outlet Dr.
Pasco, WA 99301
Telephone: 530-906-9666
Email: pete@silentmajorityfoundation.org

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN (MT #55816869)
CASSANDRA SNYDER (DC #1671667)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2022, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

>  */s/ Jody D. Lowenstein*
> JODY D. LOWENSTEIN
> Trial Attorney
> U.S. Department of Justice
> Civil Division, Federal Programs Branch