# EXHIBIT 20

## DECLARATION OF LIEUTENANT CHAD COPPIN

Pursuant to 28 U.S.C. §1746, I, Chad Coppin, declare as follows:

1. My name is Chad Coppin. I am over 18 years of age and have personal knowledge of and am competent to testify on the matters stated herein.

2. I make this declaration in support of my challenge to Defendants' Department of Defense, Department of Homeland Security, and the U.S. Coast Guard mandates requiring that I be vaccinated against COVID-19. All statements made in this Declaration are true to the best of my own personal knowledge.

3. I currently reside at Juneau, Alaska. My home of record and where I am domiciled is Bellingham, Whatcom County, Washington.

4. On October 18th, 2022 the House of Representatives Committee on Oversight and Reform sent a letter signed by 15 members of Congress to the Commandant of the Coast Guard, ADM Linda Fagan addressing concerns over the handling of religious accommodation requests. The letter in part states, *"We write to conduct oversight over the U.S. Coast Guard (USCG) process for reviewing religious accommodation exemption applications for the COVID-19 vaccine mandate. Religious freedom is protected by the U.S. Constitution and federal law. Despite these protections, information received by Committee Republicans indicates that the adjudication process for exemption applications was a pro forma exercise designed to reach predetermined conclusions—to deny requests and appeals—in nearly every single case. The USCG even created a digital tool to assist in more efficiently denying appeals of the vaccine mandate instead of focusing on the merits of each individual case."* The Committee on Oversight and Reform make reference to two specific documents the Coast Guard used to create denial responses. The first is a Microsoft Access program called Religious Accommodations Appeal Generator (RAAG) and

the second is a document titled "Duty Station Justification Denial." I can confirm that my denied appeal was a product of these tools.

5. My first religious accommodation request came back denied by USCG Headquarters office CG-133 on February 11, 2022. Upon reading my denial I noticed that the language in paragraph 4 did not match my actual job description. I am currently the Chief Inspections Division within a Sector Prevention Department where my primary responsibilities are regulatory oversite of commercial vessels. This does not involve search and rescue or law enforcement, but rather regulatory oversight of industry. After review of the "Duty Station Justification Denial" document that Congress was just recently made aware of, I realized that the information in my denial letter was simply copied and pasted from this document, however the Coast Guard Headquarters office selected the wrong unit for which I serve.

6. The "Duty Station Justification Denial" document lists 20 different units or job descriptions that have canned responses on how to provide a denial reason based on the members current duty location. The language used in paragraph 4 of my denial fits that of a member that would be attached to a "Station". A "Station" refers to a boat station that typically has USCG boats sized 47' and smaller, primarily performing Law Enforcement and Search and Rescue missions. The "Duty Station Justification Denial" document for a Station states, *"I also considered that you are assigned to an operational billet. In your current assignment to Station Golden Gate, your duties require you to operate within an enclosed cabin small-boat for extended periods while in close proximity to your shipmates. These conditions do not always afford room for consistent social distancing in accordance with the Center for Disease Control's recommended guidance. The nature of your unit's primary law enforcement and search and rescue missions require you or your shipmates to have routine interactions with the boating public, which greatly increases the risk of exposure."*

Paragraph 4 of my Religious Accommodation Denial states, "*I also considered that you are assigned to an operational billet. In your current assignment to Sector Juneau, your duties, as the Chief of the Inspection Department, require you to operate within an enclosed quarters for extended periods while in close proximity to your shipmates. These conditions do not always afford room for consistent social distancing in accordance with the Center for Disease Control's recommended guidance. The nature of your unit's primary law enforcement and search and rescue missions require you or your shipmates to have routine interactions with the boating public, which greatly increases the risk of exposure.*

7. It is important to note that what was written as a "Station" template response from the "Duty Station Justification Denial" document almost precisely mirrors that to which was added to my denial letter, with exception to the addition of my assignment location and duties description. The option that should have been used would have reflected the fact that I am assigned to a Sector which according to the "Duty Station Justification Denial Document would have stated, "*I also considered that you are assigned to an operational billet. In your current assignment to Sector Virginia's Prevention Department, your duties require routine engagement with your shipmates, members of the general public, commercial mariners and passengers, and industry partners. Given the dynamic nature of your unit's operations, you are expected to be readily available to support operations during major marine events, contingencies, and other major events within your area of operations, should they occur. These interactions are vital to the service's success, however, they place you inside offices, marine facilities, and vessels with insufficient options to consistently maintain compliance with the recommended Center for Disease Control social distancing guidelines.*"

8. The significance of this miscue, is that all Coast Guard service members were assured that we were being given an individualized look and an extremely thorough and personal review. An Admiral who was the Appellate Authority signature for CG-1 on my appeal denial

3

letter dated 19 MAY 2022, even stated, *"I have personally reviewed and fully considered your appeal of the decision to deny your request for a religious accommodation… I find no error occurred in reaching the decision to deny your religious accommodation request."* I find this hard to believe that the Admiral personally reviewed any of my information. If he had he would have realized that I was an officer assigned to a Sector Prevention Department and not a small boat station. He would have realized that the reasoning for my denial did not match the description of the duties for which I perform. Other service members have also experienced similar responses by not having their job descriptions appropriately matched in their denial letters which leads to a logical conclusion that we were not given a careful review nor an individual assessment as purported by Coast Guard Headquarters as required by policy.

9.     The Coast Guard did not follow through with a fair assessment of its members requesting a Religious Accommodation from partaking in the Covid Vaccine. They constructed a predetermined methodology built only to deny members in a streamlined manner. We were never given a fair chance as evidenced by these tools along with a faulty cut and paste approach misrepresenting and disrespecting our service to this Nation.

I make this declaration under penalty of perjury, it is true and accurate to the best of my ability, and it represents the testimony I would give if called upon to testify in a court of law.

November 03, 2022

Chad Coppin, LT USCG