**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| MICHAEL BAZZREA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00265 |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully provide notice of a recent decision in *Alvarado v. Austin*, No. 1:22-cv-876 (E.D. Va.) (attached as Exhibit 1), in which the U.S. District Court for the Eastern District of Virginia (i) denied the plaintiffs' motion to preliminarily enjoin the defendants[1] from enforcing the military's COVID-19 vaccination requirement or from taking any adverse action against the plaintiffs for refusing to become vaccinated against COVID-19, and (ii) dismissed the case *sua sponte* on justiciability grounds. *See id.* at 1, 19. The plaintiffs in *Alvarado* (like Plaintiffs here) sought injunctive relief from the military's vaccination requirement on behalf of themselves and a putative class, *see id.* at 2, 8, alleging that the requirement violates, *inter alia*, the Religious Freedom Restoration Act, the First Amendment's Free Exercise Clause, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act, *see id.* at 5 & n.11. Applying well-established principles of judicial deference to military decision-making regarding force readiness and operations, *see id.* at 8–10, the district

---

[1] The defendants in *Alvarado* were the Secretary of Defense, the Secretary of the Navy, the Secretary of the Army, the Secretary of the Department of Health and Human Services, the Commissioner of the Food and Drug Administration, and the Director of the Centers of Disease Control and Prevention.

1

court found that plaintiffs' claims were non-justiciable either (i) because they challenged "non-justiciable military judgments," *id.*, or (ii) because the plaintiffs had not exhausted all available administrative remedies, including completing separation proceedings, and even if they had, each of the four *Mindes* factors weighed against judicial intervention, *id.* at 10–16 (citing *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971)).

Dated: December 5, 2022       Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN (MT #55816869)
CASSANDRA SNYDER (DC #1671667)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                                        */s/ Jody D. Lowenstein*
                                        JODY D. LOWENSTEIN
                                        Trial Attorney
                                        U.S. Department of Justice
                                        Civil Division, Federal Programs Branch