**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL BAZZREA,** *et al* | § | |
| **Plaintiffs,** | § | **Case No. 3:22-cv-00265** |
| | § | |
| **v.** | § | **MOTION FOR LEAVE TO** |
| | § | **FILE SUPPLEMENTAL** |
| **LLOYD AUSTIN, III,** *et al.,* | § | **AUTHORITY** |
| **Defendants.** | § | |
| | § | |

**PLAINTIFFS' RESPONSE TO
GOVERNMENT'S EMERGENCY MOTION TO STAY**

On Friday, Dec. 9. 2022, Defendants filed an Emergency Motion for a Stay in the Proceedings (ECF 67) because the House of Representatives signed a bill for the Fiscal Year 2023 National Defense Authorization Act (NDAA). The Senate has not approved the NDAA, neither has the President signed it into law. The text of the bill, (ECF 67-1), includes one short provision requiring the Secretary of Defense to rescind his 24 Aug 2021 Vaccine Mandate within 30 days of the passage of the NDAA.[1]

Plaintiffs' counsel consented to the Motion because of the Relief that the Defendant Coast Guard has offered for the consent, namely, as the Certificate of

---

[1] According to the Defendants' filing (ECF), "[a]lthough the Coast Guard is part of the Department of Homeland Security ("DHS") and not part of the Department of Defense ("DoD"), the Coast Guard intends to remain aligned with DoD with regard to COVID-19 vaccination policy." Def. Motn. At 1. This raises a critical legal issue that Plaintiffs feel compelled to bring before the Court. *Infra* p. 4.

Conference shows, Defendants have offered to pause all discharges during this 35 day window for named plaintiffs, the 225 putative intervenor plaintiffs, and even other putative plaintiffs who have filed a Religious Accommodation Request and can document it through Plaintiffs' counsel. It is 10 days before Christmas and Plaintiffs' Counsel is aware of a list of 98 putative class members who will be dropped from the Coast Guard to the Inactive Status List (ISL) on Dec. 15, 2022, the day of the scheduled PI Motion Hearing. Plaintiffs' counsel has an ethical obligation to consider and obtain such relief because it would get the class members to a point when the Mandate is Rescinded, and therefore (in theory) allow them to continue to serve, thereby preserving their jobs. This in no way should be read to imply support for the Defendants Emergency Motion.

Indeed, quite the opposite is true.

First, Plaintiffs do not believe there is anything justifying an Emergency by the mere passage of a bill in the House. Until it is signed, this is just talk and nothing of legal import for the Court to consider. In fact, the Defendants' own Motion concedes that the NDAA's effect on this case is purely speculative. "Thus, the proposed legislation, if enacted, *could* have a substantial impact on this litigation." Def. Motn., at 1. Or it could not. On its own terms, the NDAA <u>does not even apply to the Coast Guard</u> because, as Defendants note, the Coast Guardsmen-

Plaintiffs in this case do not belong to the Department of Defense (except during time of War). 14 U.S.C. § 103.

Second, the bill itself does nothing to change or affect the subject matter of the upcoming PI Motion. The Court has already noted that it intends to rule "on the record" that is before it with the exception of the data regarding numbers of RAR requests, Administrative and Medical Exemptions, and other data regarding the RFRA claims. Nothing in the Bill interferes with or concerns that information; more importantly, there is no reason that Defendants should be excused from this obligation to work with Plaintiffs to provide this data to the Court.

Third, IF the bill is eventually signed into law by the President and the Government feels there is a need for relief, then the Government can move for a stay at that time. In the interim, the Congress has settled the question of whether the DoD Mandate and other related, challenged actions are "major policy decisions": it is and they are, by definition, given that Congress is acting on the subject. Accordingly, Plaintiffs' challenges to these actions are necessarily justiciable and reviewable and Defendants' justiciability arguments have evaporated.

Finally, and most importantly, there is the issue of applicable law. The NDAA on its terms Plaintiffs does not apply to the Coast Guard; members of the USCG are federal employees. Plaintiffs have raised the issue with the Defendants and not received an answer, but given this Court's ruling in *Feds for Medical*

*Freedom v. Biden*, 2022 WL 188329 (S.D. Tex. Jan. 21, 2022) (nation-wide stay of federal employee mandate), *vacated and remanded* 30 F.4th 503 (5th Cir. Apr. 7, 2022), *reh'g en banc granted and vacated*, 2022 WL 2301458 (5th Cir. June 27, 2022) (reinstating nationwide stay), unless the Defendant Coast Guard can point to some other authority that it has failed to this point to raise, the Coast Guard has been, and is now, in violation of this Court's injunction. Secretary Mayorkas is a lesser officer than the President and this Court's ruling that the President did not have the authority under EO 14042 to order a federal employee vaccine mandate is binding on all lesser officers. Subsequent briefing may be needed, but Plaintiffs ask for immediate relief under this court's inherent authority to enforce its orders, particularly against contemnors. The discharge of putative plaintiffs in this case has been wholly without authority.

Dated:  December 12, 2022  Respectfully submitted,

/s/ Dale Saran
Dale Saran, Esq.
MA Bar #654781
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 480-466-0369
Email: dalesaran@gmail.com

/s/ Travis Miller
Texas Bar #24072952
/s/ Brandon Johnson
Brandon Johnson
DC Bar No. 491370
Defending the Republic

2911 Turtle Creek Blvd.,
Suite 300 Dallas, TX 75219
Tel. 214-707-1775
Email: bcj@defendingtherepublic.org

*/s/ Simon Peter Serrano*
S. Peter Serrano, Esq.
WA Bar #54769
5238 Outlet Dr.
Pasco, WA 99301
Telephone: 530-906-9666
Email: pete@silentmajorityfoundation.org

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have on this day e-filed the foregoing Motion using the CM/ECF system.

Dated: December 12, 2022                    Respectfully Submitted,

*/s/ Dale Saran*
Dale Saran