**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| MICHAEL BAZZREA, *et al.,* | |
| Plaintiffs, | |
| v. | Case No. 3:22-cv-00265 |
| ALEJANDRO MAYORKAS, *et al.,* | |
| Defendants. | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO CONSENT
EMERGENCY MOTION TO STAY PROCEEDINGS**

Three days ago, Defendants filed a *consent* emergency motion to stay all proceedings in this matter for 35 days while Congress considers legislation that would direct the Secretary of Defense to rescind the memorandum directing service members to be vaccinated against COVID-19. *See* ECF No. 67. As the motion noted (and as Plaintiffs admit, *see* ECF No. 69 at 1), Plaintiffs not only consented to the stay that Defendants requested, but the parties agreed, in writing, on precise terms for the purpose of requesting this relief. *See* ECF No. 67 at 6, 8. Specifically, in exchange for Plaintiffs' consent to the requested stay—and based on the belief that Plaintiffs were negotiating in good faith—Defendants agreed not to separate named Plaintiffs or putative intervenors for violation of the COVID-19 vaccination requirement for the duration of the requested stay, and also agreed not to separate during that period any other putative class members of the putative religious accommodation class who face imminent separation, so long as Plaintiffs bring the situation to Defendants' attention. *Id.*; *see also* Ex. 1.

Now, Plaintiffs are seeking to renege on their half of the parties' agreement by apparently opposing the very relief to which they agreed only a few days ago in exchange for

obtaining substantial relief from Defendants. But this latest gambit is not mere gamesmanship; it is completely improper litigation conduct that this Court should not countenance. In fact, Plaintiffs have failed to level with the Court. In their response to Defendants' stay motion, Plaintiffs suggest that their consent to the motion should not be understood as an agreement with the relief requested therein—"quite the opposite," they contend. *See* ECF No. 69 at 2. But not only is that nonsensical, it flatly contradicts Plaintiffs' prior representation to undersigned counsel that they agreed that the Certificate of Conference appended to Defendants' motion "fairly encapsulates [the parties'] agreement"—*i.e.*, that "Plaintiffs consent to the requested relief based on the terms described [in the motion]." *See* Ex. 1 at 1.[1] Defendants and undersigned counsel have relied on that representation. Plaintiffs cannot now avoid fulfilling their part of the bargain or try to unilaterally unravel the parties' agreement.

In any event, nothing in Plaintiffs' response to Defendants' stay motion undercuts the fact that a brief stay in this matter will ensure the conservation of judicial and party resources while Congress considers legislation that could substantially impact this litigation. *See* ECF No. 67 at 4–6; *see also, e.g.*, *Pavek v. Simon*, 19-cv-3000 (SRN/DTS), 2020 WL 4013982, at *3 (D. Minn. July 16, 2020) (acknowledging "the value of a stay to give the legislature time to address [an] issue"); *Luckey v. U.S. Dep't of the Navy*, No. 18-cv-06071-HSG, 2019 WL 4059855, at *2 (N.D. Cal. Aug. 28, 2019) (granting motion to stay "for a limited time to see whether the bill passes" to "preserve the judicial and party resources"); *Stinnie v. Holcomb*, 396 F. Supp. 3d 653,

---

[1] Indeed, Plaintiffs' counsel suggested that the parties file a joint motion to stay proceedings for 35 days. *See* Ex. 1 at 1. In response, in the interest of filing the emergency motion as soon as possible such that the Court had sufficient time to consider the requested relief, Defendants filed a consent motion but confirmed the language of the Certificate of Conference with Plaintiffs prior to filing. *See id.* at 1–2.

660–61 (W.D. Va. 2019) (granting motion to stay because "[t]he Court's resolution of such issues would be rendered moot if the Virginia General Assembly repeals [the relevant law]").

Moreover, Plaintiffs' complaint seeks only prospective relief in the form of declaratory and injunctive relief. The passage of the NDAA may moot those requests for prospective relief—as well as Plaintiffs' request for a preliminary injunction—by giving Plaintiffs everything that they have thus far requested in this litigation. *See Alvarez v. Smith*, 558 U.S. 87, 92–93 (2009) (holding case moot where complaint sought only declaratory and injunctive relief and explaining that "a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'"). Though Plaintiffs may profess to seek retroactive relief, the complaint makes no such request. Indeed, Plaintiffs' own motion concedes that if "the Mandate is Rescinded," the putative class members would be "allow[ed] to continue to serve, thereby preserving their jobs." ECF No. 69 at 2.[2]

Accordingly, Defendants respectfully request that the Court vacate all pending deadlines and hearings, including the hearing on Plaintiffs' motion for preliminary injunction, currently set for December 15, 2023, and stay proceedings in this matter for a period of 35 days, through and including January 13, 2023.

Dated: December 12, 2022          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

---

[2] Plaintiffs are incorrect that the Coast Guard is somehow subject to the preliminary injunction issued in *Feds for Medical Freedom v. Biden*, 581 F. Supp. 3d 826 (S.D. Tex. 2022). As Defendants have explained to Plaintiffs, *see* Ex. 1 at 5, the Coast Guard is governed by Title 14, not Title 5. *See* 14 U.S.C. § 101 ("The Coast Guard, established January 28, 1915, shall be a military service and a branch of the armed forces of the United States at all times.").

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN (MT #55816869)
CASSANDRA SNYDER (DC #1671667)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2022, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice