# Exhibit 1

| | |
|---|---|
| **From:** | Snyder, Cassandra M (CIV) |
| **To:** | Dale Saran |
| **Cc:** | Brandon Johnson; pete; Andrew Meyer; Travis Miller; Lowenstein, Jody D. (CIV) |
| **Subject:** | RE: [EXTERNAL] Re: Bazzrea Stay Motion |
| **Date:** | Friday, December 9, 2022 11:24:08 AM |

Thanks, Dale – we will file the consent motion shortly.  We appreciate your willingness to talk through this issue.

Cassie
(202) 451-7729

**From:** Dale Saran <dalesaran@gmail.com>
**Sent:** Friday, December 9, 2022 11:21 AM
**To:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>
**Cc:** Brandon Johnson <bcj@defendingtherepublic.org>; pete <pete@silentmajorityfoundation.org>; Andrew Meyer <ameyer@finnlawgroup.com>; Travis Miller <twm@defendingtherepublic.org>; Lowenstein, Jody D. (CIV) <Jody.D.Lowenstein@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Bazzrea Stay Motion

Cassie -

We agree with that paragraph. We don't agree that the Motion you've filed in CFMO is necessary, and we certainly agree with everything in the motion, but we agree that paragraph fairly encapsulates our agreement and position. We think this should be a few pages and joint at most, but this is your motion for relief.

Thanks,

Dale

On Fri, Dec 9, 2022 at 10:15 AM Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov> wrote:

> We also intend to include this certificate of conference.  Please let us know if this also reflects your understanding of the terms.
>
> Per Local Rule 7.1, I hereby certify that on December 8 and 9, 2022, undersigned counsel contacted counsel for Plaintiffs regarding the relief requested in this motion.  Plaintiffs consent to the requested relief based on the terms described above.  In particular, Defendants have agreed not to separate named Plaintiffs or putative intervenors for violation of the COVID-19 vaccination requirement for the duration of the requested stay.  Additionally, should any other putative class members of the putative religious accommodation class face imminent separation, Plaintiffs may bring the situation to Defendants' attention.  Should those individuals be part of the putative religious accommodation class, Defendants agree not to separate those individuals as well.

Cassie
(202) 451-7729

**From:** Snyder, Cassandra M (CIV)
**Sent:** Friday, December 9, 2022 11:11 AM
**To:** Dale Saran <dalesaran@gmail.com>
**Cc:** Brandon Johnson <bcj@defendingtherepublic.org>; pete <pete@silentmajorityfoundation.org>; Andrew Meyer <ameyer@finnlawgroup.com>; Travis Miller <twm@defendingtherepublic.org>; Lowenstein, Jody D. (CIV) <Jody.D.Lowenstein@usdoj.gov>
**Subject:** RE: [EXTERNAL] Re: Bazzrea Stay Motion

Hi Dale,

We were planning to file it as a consent motion rather than a joint motion, especially in the interest of getting this on file ASAP. Should you take issue with anything in our motion, we would consent to your filing of a response that clarifies Plaintiffs' position – would that work?

Thanks,
Cassie
(202) 451-7729

**From:** Dale Saran <dalesaran@gmail.com>
**Sent:** Friday, December 9, 2022 11:03 AM
**To:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>
**Cc:** Brandon Johnson <bcj@defendingtherepublic.org>; pete <pete@silentmajorityfoundation.org>; Andrew Meyer <ameyer@finnlawgroup.com>; Travis Miller <twm@defendingtherepublic.org>; Lowenstein, Jody D. (CIV) <Jody.D.Lowenstein@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Bazzrea Stay Motion

Cassie -

On the mechanics of this, I presume you're going to send us your proposed joint motion for us to have a chop before filing with the court, yes?

I want to ensure that if we're agreeing to this, that we have a chance to see how that's presented to the court before it just "shows up" on the docket.

Thank you.

Dale

On Fri, Dec 9, 2022 at 9:47 AM Dale Saran <dalesaran@gmail.com> wrote:

Sounds good, Cassie.

I believe we have an accord.

Dale

On Fri, Dec 9, 2022 at 9:44 AM Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov> wrote:

> We have no problem extending the stay to 35 days, which would be up through and including January 13.
>
> And assuming you mean RARs rather than RFRA claims, we agree that does alleviate potential ambiguity for the purposes of this stay motion.  To further avoid possible confusion, how about this alternative: the Coast Guard agrees not to separate any named Plaintiffs or putative intervenors (for failure to comply with the vaccination requirement) pending the duration of the stay.  Should any other putative class members face imminent separation (for failure to comply with the vaccination requirement) during the duration of the stay, you may inform us and we can agree to pause separation for those individuals pending the duration of the stay, assuming that they are properly part of the putative religious accommodation class, i.e. they have submitted a religious accommodation request.  That resolves possible confusion on our end about who to direct the Coast Guard not to separate.
>
> Is that amenable to Plaintiffs?
>
> Thanks,
> Cassie
> (202) 451-7729
>
> ---
>
> **From:** Dale Saran <dalesaran@gmail.com>
> **Sent:** Friday, December 9, 2022 10:25 AM
> **To:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>
> **Cc:** Brandon Johnson <bcj@defendingtherepublic.org>; pete <pete@silentmajorityfoundation.org>; Andrew Meyer <ameyer@finnlawgroup.com>; Travis Miller <twm@defendingtherepublic.org>; Lowenstein, Jody D. (CIV) <Jody.D.Lowenstein@usdoj.gov>
> **Subject:** Re: [EXTERNAL] Re: Bazzrea Stay Motion
>
> Cassie -
>
> Maybe we're missing each other, but I think that by class we mean only those who have submitted RFRA claims. That seems to be a fixed number.
> Also, can we at least agree that the pause covers through the implementation date and a few days for both sides to then read and react? So, 35 days, for example?

Dale

On Fri, Dec 9, 2022 at 8:55 AM Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov> wrote:

> Hi Dale,
>
> Thanks for your consideration.  We propose a 30-day stay that allows the legislature to finalize the NDAA such that we know what we're dealing with moving forward.  We also propose that at the end of that 30-day period, the parties file joint proposed schedule for further proceedings.
>
> Defendants are willing to agree to a stay tied to the NDAA, but a stay tied to any other date is not appropriate given that the NDAA may radically change the landscape of this litigation, and given that the purpose of our proposed stay is merely to allow that landscape to settle.  As a matter of practicality we also cannot agree to pause separation for the entire putative class, as we have disagreements on Plaintiffs' class definition and the clarity thereof.
>
> Please let us know by 10:45am your position on this requested relief.
>
> Thanks,
> Cassie
> (202) 451-7729
>
> ---
>
> **From:** Dale Saran <dalesaran@gmail.com>
> **Sent:** Friday, December 9, 2022 9:22 AM
> **To:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>
> **Cc:** Brandon Johnson <bcj@defendingtherepublic.org>; pete <pete@silentmajorityfoundation.org>; Andrew Meyer <ameyer@finnlawgroup.com>; Travis Miller <twm@defendingtherepublic.org>; Lowenstein, Jody D. (CIV) <Jody.D.Lowenstein@usdoj.gov>
> **Subject:** Re: [EXTERNAL] Re: Bazzrea Stay Motion
>
> Cassie -
>
> Our proposal is that the hearing be put off, and the case stayed, on the following terms:
>
> 1. Case stayed through the court's ruling on the PI Motion;
> 2. The Coast Guard agrees to pause discharges for the entire class of Coasties subject ot discharge over the mandate during the pendency of the stay;
> 3. Both sides to submit supplemental briefing on agreeable dates IAW local rules to the court of what the NDAA Rescind of the Mandate means for the pending PI Motion;
> 4. Plaintiffs have a right to amend their complaint that does not count as one for purposes of Rule 15(a)(1). IOW, the amendment would be "consented to" under FRCP 15(a)(2).

Thanks,

Dale

On Fri, Dec 9, 2022 at 7:00 AM Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov> wrote:

> Yes, we can wait to hear back from you until 10am today.
>
> Thanks,
> Cassie
>
>> On Dec 8, 2022, at 10:20 PM, Dale Saran <dalesaran@gmail.com> wrote:
>>
>> Cassie -
>>
>> We're talking this over and trying to reach clients. Can you hold off until I provide a counterproposal in the morning, say, by 10 AM ET?
>> We may be able to agree on something.
>>
>> Thank you.
>>
>> Dale
>>
>> On Thu, Dec 8, 2022 at 2:44 PM Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov> wrote:
>>> Hi Dale,
>>>
>>> I think we may be talking past each other.  We are not seeking to reach agreement between the parties on the ultimate effect of the proposed NDAA.  We are just seeking to agree on the fact that the proposed NDAA would likely substantially affect this litigation.  That said, it sounds like your only remaining concern regarding a 30-day stay is possible prejudice to the putative intervenors?  If that is the case, the Coast Guard is also willing to agree not to separate the putative intervenors pending the duration of the stay.  Otherwise, we will plan to file the motion opposed.
>>>
>>> Suffice to say, I disagree with much of the rest of your email.  Not least of which, the Coast Guard is governed by Title 14, not Title 5.
>>>
>>> Thanks,
>>> Cassie
>>> (202) 451-7729

**From:** Dale Saran <dalesaran@gmail.com>
**Sent:** Thursday, December 8, 2022 2:49 PM
**To:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>
**Cc:** Brandon Johnson <bcj@defendingtherepublic.org>; pete <pete@silentmajorityfoundation.org>; Andrew Meyer <ameyer@finnlawgroup.com>; Travis Miller <twm@defendingtherepublic.org>; Lowenstein, Jody D. (CIV) <Jody.D.Lowenstein@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: Bazzrea Stay Motion

Cassie,

I have three sets of related concerns.

1. Until a bill is signed by the President, there is nothing but cheap talk and posturing. Legally speaking, there isn't anything. I do recognize that the "landscape may change" but it won't change with respect to what the Court wants to discuss - possible relief regarding our clients RFRA claims, which is all the court wants to discuss at the hearing. Therefore, I find no reason for a Stay that would allow the Coast Guard to continue discharging our Intervenor plaintiffs while everyone just "takes a pause;" that's not good enough by a longshot.

2. Speaking of reasons why it isn't acceptable, I'm a little embarrassed to admit this, but it wasn't until you made the comment that the "Coast Guard is going to remain in alignment with the DoD" that I the problem with all of this hit me: you pointedly reminded us in one of your filings that the members of the Coast Guard are federal employees, and haven't been a part of the DoD since just after WW2. Given that legally operative fact, under what authority is Secretary Mayorkas - or Commandant Fagan, for that fact - ordering federal employees to take a vaccine? There is no grant of authority in "We're just doing what the DoD does."

- This may well require supplemental briefing, but as far as I can see, if the President of the United States has been enjoined (by this Court) as not having the authority to order federal employees to take a vaccine, how does Secretary Mayorkas - a lesser officer under the President - have the authority to continue to require this vaccine and discharge people refusing to be vaccinated?
- I recognize this Court's injunction isn't a final decision, but so far as I can tell, there's no way to avoid the conclusion that it's the law of the case. The 5th Circuit reinstated this court's injunction in Feds4 Medical Freedom by vacating the panel decision when it

decided to rehear the case en banc, as I'm sure you're well aware. Unless you have some authority that allows the Coast Guard to piggyback DoD Title 10 authorities for these Title 5 employees, as far as I can tell, the case isn't moot, it's proven.
And it will absolutely need a stay of some kind because it will mean that Secretary Mayorkas and Commandant Fagin have been operating an illegal federal vaccine mandate during an extant injunction applicable to them.

Whoopsy, and a little egg on all of our faces, but I can't get past that this has been going on without any legal authority to support it.

3. Given the above, you may well be correct that the complaint will need to be amended, but I don't see that it dismisses any party. What relief our folks can get on one or two of their claims may change, but the RFRA and other claims haven't gone anywhere. Neither has the need for class certification or a grant of the Motions to Intervene for plaintiffs whose careers have been ruined while an unlawful order has continued being enforced against them.

I think we need a hearing now more than ever.

Dale

On Thu, Dec 8, 2022 at 12:56 PM Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov> wrote:

> Hi Dale,
>
> We don't think it makes much sense to proceed with litigation knowing that there is a strong possibility that the entire landscape may imminently change.  Indeed, this bill may pass before the Dec. 15 hearing (we've just gotten word that it has now passed in the House).  If the NDAA passes, the parties' arguments will all be significantly different.  At the very least, Plaintiffs would be required to file an amended complaint.  We are not making any mootness arguments in this stay motion; we are merely requesting a short stay to allow time for the legislative process to unfold such that we all know what facts we're dealing with.
>
> In the interest of preserving both the resources of the Court and party resources, Coast Guard is willing to agree not to separate the remaining named plaintiffs still subject to the current vaccination requirement—plaintiffs Wilder and Wadsworth—for the duration of the requested stay.  And, of course, that agreement would be rendered unnecessary should the bill ultimately pass.  We also plan to

inform the Court in the stay motion that the Coast Guard intends to remain in alignment with DoD regarding COVID-19 vaccination requirements.

Do you have any other concerns about prejudice to named plaintiffs from a 30-day stay of proceedings?

Thanks,
Cassie
(202) 451-7729

**From:** Dale Saran <dalesaran@gmail.com>
**Sent:** Thursday, December 8, 2022 1:20 PM
**To:** Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov>
**Cc:** Brandon Johnson <bcj@defendingtherepublic.org>; pete <pete@silentmajorityfoundation.org>; Andrew Meyer <ameyer@finnlawgroup.com>; Travis Miller <twm@defendingtherepublic.org>; Lowenstein, Jody D. (CIV) <Jody.D.Lowenstein@usdoj.gov>
**Subject:** [EXTERNAL] Re: Bazzrea Stay Motion

Cassie,

No, we can't agree to the Stay Motion. As you have noted, the NDAA doesn't apply to the Coast Guard and the Coast Guard's voluntary cessation of the mandate does nothing for our clients, nor does it address the Coast Guard's actions against them up until now.

Appreciate the heads up.

Cheers,

Dale

On Thu, Dec 8, 2022 at 12:07 PM Snyder, Cassandra M (CIV) <Cassandra.M.Snyder@usdoj.gov> wrote:

> Hi Dale,
>
> As you are likely aware, Congress just released the text of the proposed NDAA, including the following:  "Not later than 30 days after the date of the enactment of this Act, the Secretary of Defense shall rescind the mandate that members of the Armed Forces be vaccinated against COVID-19 pursuant to the memorandum dated August 24, 2021, regarding "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense

Service Members."

Although the Coast Guard is not part of DoD, the Coast Guard intends to remain aligned with DoD with regard to COVID-19 vaccination policy. Thus, of course, the NDAA would substantially effect the litigation in *Bazzrea*. That said, would plaintiffs consent to a stay of proceedings—including the Dec. 15 PI hearing— pending resolution of this bill? We propose a stay of 30 days, up to and including Jan. 7 2023, by which time the 117th Congressional session will have concluded and we will all have clarity on what the landscape for this case looks like moving forward.

We are planning to file the stay motion today such that the Court has as much time as possible to consider the motion, so a response by COB today would be much appreciated.

Thanks,
Cassie

**Cassie Snyder**
Trial Attorney
United States Department of Justice
Civil Division | Federal Programs Branch
Phone: (202) 451-7729