# EXHIBIT 1

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS GALVESTON DIVISION

| | |
|---|---|
| MICHAEL BAZZREA, SABRINA WILDER, COURTNEY CHEATUM, TIMOTHY JORDEN, CALEB WADSWORTH, <br><br> For themselves and all others similarly Situated, <br><br> **Plaintiffs** <br><br> v. <br><br> ALEJANDRO MAYORKAS, in his Official capacity as Secretary of the U.S. DEPARMENT OF HOMELAND SECURITY, <br><br> LINDA L. FAGAN, in her official capacity as Commandant of the UNITED STATES COAST GUARD, <br><br> LLOYD AUSTIN, in his official capacity as Secretary of the U.S. DEPARTMENT OF DEFENSE, <br><br> JANET WOODCOCK, in her official capacity as Acting Commissioner of the U.S. FOOD AND DRUG ADMINISTRATION <br><br> **Defendants** | Civil Action No. 3:22-cv-00265 <br><br> DECLARATION OF RACHEL SARAN |

**Declaration of Rachel Saran**

I, Rachel Saran, declare under penalty of perjury and the laws of the State of

California that the following is true and correct:

1. I am over the age of 18 years, have personal knowledge of the matters set forth in this Declaration, and if called upon to testify to them, I would and could do so competently.

2. I am a paralegal for the lead counsel in this action.

3. I am familiar with the status of the named plaintiffs and a number of other class members, including putative plaintiffs who previously moved to be plaintiffs in this case (ECF 28) as part of my normal duties. I keep in regular contact with them and receive documents related to their adverse counseling (CG-3307s), transfers to the Inactive Service List (ISL), Notices of Intent to Discharge, and any other status changes with the Coast Guard or Coast Guard Reserve.

4. Master Chief Michael Bazzrea, USCGR – Submitted a Religious Accommodation Request. After all his appeals were denied, he was threatened with being removed from the promotion list, having his silver badge status removed, being dropped to the ISL after 27+ years of service, or even losing his retirement. Master Chief Bazzrea felt he had no choice for his family's future but to violate his own religious beliefs; he took only the original two shots.

5. Petty Officer 2nd Class Courtney Cheatum, USCG – Submitted a Religious Accommodation Request. Like Master Chief Bazzrea, after PO2 Cheatum's appeals were denied, he was facing discharge just 4 years short of a 20 year retirement. PO Cheatum felt he had no choice for his family's future but to violate his own religious beliefs; he took only the original two shots.

6. Timothy Jorden – Plaintiff Jorden had more than 9 years of service as a prior Marine in early 2022. PO2 Jorden was above the cut for promotion in the spring of 2022, but was ineligible to be promoted because he was unvaccinated. He also received permanent change of station orders to New York in spring of 2022, but was ineligible to PCS by Coast Guard policy. PO2 Jorden tried to re-enlist in the Coast Guard in May 2022, three months before the expiration of his enlistment contract, but was told by his command he was ineligible to re-enlist because of his vaccination status. Because he could not re-enlist, he was discharged at the expiration of his contract in August 2022 during this lawsuit. Plaintiff Jorden was also not allowed to take any leave because he was unvaccinated, resulting in lost leave balance that he couldn't sell back at the expiration of his contract. None of the negative counseling, lower marks on enlisted evaluation reports, or other adverse paperwork has been removed from PO2 Jorden's personnel record.

7. LT Caleb Wadsworth, USCG – Plaintiff Wadsworth was in zone for LCdr and should have been a "Must Promote" last year (in 2022), but because he was unvaccinated, he was removed from consideration for promotion. Plaintiff has been told that he will be allowed to compete for promotion for LCdr this coming year (2023), but he is now at risk of being passed over for promotion for the second time because he is behind his peers in his commissioning year group. If plaintiff fails to promote this year, he will face involuntary separation for being passed over twice for promotion under the armed forces' "up or out" policies under DOPMA. Defendants have not referred LT Wadsworth to a special selection board under 14

U.S.C. §263; no other remedial actions have been taken to correct his record or remove the adverse marks, scores, memoranda, or other notations regarding his vaccination status. LT Wadsworth received an adverse counseling (CG 3307) for being unvaccinated that remains in his record book.

8. Petty Officer Second Class Sabrina Wilder – Plaintiff Wilder has been working with her command unsuccessfully since the Mandate's rescission to get an adverse CG-3307 removed from her record. It remains in her personnel files.

9. Of the 125 intervenor plaintiffs who moved to intervene –

   a. Approximately 23 of the plaintiffs have been discharged from the Coast Guard since this litigation began:

      i. At least 4 of those that have been involuntarily discharged still have negative paperwork in their records with no indication from the Coast Guard that will be corrected.

      ii. At least 10 of the 23 discharged plaintiffs have not received any written offers of reinstatement, backpay, or any other relief.

      iii. At least 5 of the 23 discharged were given RE3 reenlistment codes, making them ineligible for reenlistment without a waiver by Coast Guard accession standards.[1]

      iv. At least one of the 23 discharged was denied reenlistment and at least two were denied promotions due to vaccination status with no corrections made to their records.

      v. Two of the 23 discharged intervenor plaintiffs had pay withheld before being discharged and were billed for bonus recoupment, with no indication from the Coast Guard that this will be corrected:

---

[1] *See, e.g.*, https://arba.army.pentagon.mil/change-re-code.html#:~:text=The%20RE%20code%20is%20not,waiver%20may%20not%20be%20possible.

- Petty Officer First Class Matthew Powers was had his last USCG paycheck of $4,503 withheld and was told there was no way for it to be reimbursed, he was also subsequently billed $13,135.51 for his enlistment bonus. He also has not been contacted by the Coast Guard for reinstatement, backpay, or any remedy.

- Petty Officer First Class Cody Hauser had the transfer of his GI bill to his son revoked and was also billed $1,930.55 for his enlistment bonus. The Coast Guard also took an additional $3,238 unbeknownst to him until later.

vi. Two cadets were disenrolled and marched out of the Coast Guard Academy.

- One of the cadets was forced to apply for homeless veterans housing, while the other cadet lost her education and medical benefits.

- Both women received phone calls from the Academy asking if they were interested in returning to the Academy, however there has been no commitment by the USCG Academy or USCG to either plaintiff.

b. Four class members (beyond the 23 discharged) had to submit a "voluntary" request to retire in lieu of discharge (RILD) or else be discharged and get nothing – lose their entire retirement – after more than 20 years of service.

c. Out of the 125 intervenor plaintiffs, approximately 5 have been moved to ISL without any indication from the Coast Guard of when they will be allowed back in their reserve units.

d. Out of the 125 intervenor plaintiffs, approximately 5 submitted

voluntary separation after they were given the ultimatum between getting vaccinated or losing further pay, negative paperwork, etc.

10. Of the 125 intervenor plaintiffs that remain in the Coast Guard:

   a. Approximately 9 still have negative paper (either page 7s or 3307s) in their records (either electronic, physical, or both) that have yet to be corrected:

      i. One of these nine has three separate 3307s still on his record.

      ii. Three had their 3307s removed, however, those 3307s were replaced with memos indicating that they had 3307s removed, effectively leaving their records uncorrected.

   b. Approximately two intervenor plaintiffs received poor Enlisted Evaluation Reports (EER): A low mark in Military Readiness (4 is "average," and Plaintiffs received a 3), for refusing the vaccine, is still in their EER. Absent some court or corrections board action, those marks are there in perpetuity.

      i. One of the two plaintiffs who received negative EERs was denied telework because of his low mark in military readiness on his EER due to being unvaccinated.

   c. One of the 125 intervenor plaintiffs was denied admission to A school and is on the waiting list indefinitely.

   d. Two of the 125 intervenor plaintiffs were given PCS orders but told they couldn't execute them on account of being unvaccinated.

   e. Two of the 125 intervenor plaintiffs received the shot after several

months of refusal, negative paperwork, and disciplinary action:

    i. Plaintiff Antonides was denied promotion to Warrant Officer after failing the medical physical due to migraines and neurological issues from the vaccine. She is still active and works from home.

    ii. Plaintiff Chatwin was still promoted two months late due to initial refusal of the vaccine.

I declare under penalty of perjury, under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge.

Executed this 7th day of March, 2023.

*Rachel Saran*

Rachel Saran, Paralegal