IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL BAZZREA, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, *et al.*,<br><br>    Defendants. | Case No. 3:22-cv-00265 |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
BRIEF REGARDING MOOTNESS**

Plaintiffs fail to show that any of their claims in this case remain live. In light of the rescission of the challenged vaccination mandate, no Plaintiff is suffering or is at risk of suffering any cognizable harm, and the Court cannot provide Plaintiffs any of their requested relief. Nor can Plaintiffs rely on alleged harm to non-parties to sustain their claims. Plaintiffs' fabricated request for monetary damages also fails, as the Religious Freedom Restoration Act ("RFRA") does not waive sovereign immunity. Plaintiffs' assertion that a "shadow mandate" remains in place lacks foundation and runs directly contrary to the Coast Guard's stated policies on COVID-19 vaccination. Resp. 1, ECF No. 77. And no exception to mootness applies here. Accordingly, this Court should dismiss Plaintiffs' complaint as moot.[1]

---

[1] At the time Defendants filed their brief regarding mootness, only one court had considered the effect of the NDAA on a challenge to a military vaccination requirement. *See* Defs.' Br. at 11 n.2, ECF No. 76. Since then, several appellate courts and district courts have acted on mootness issues. *See Short v. Berger*, Nos. 22-15755, 22-16607 (9th Cir. Feb. 24, 2023) (dismissing as moot appeal from denial of preliminary injunction prohibiting enforcement of the military's COVID-19 vaccination requirement); *Dunn v. Austin*, No. 22-15286 (9th Cir. Feb. 27, 2023) (same); *Creaghan v. Austin*, No. 22-5135 (D.C. Cir. March 10, 2023) (same); *Navy SEAL 1 v. Austin*, No. 22-5114 (D.C. Cir. March 10, 2023) (same); *see Clements v. Austin*, No. 2:22-2069, ECF No. 57 (D.S.C. March 7, 2023) (denying preliminary injunction as moot); *Chancey v. Biden*, No. 1:22-cv-110, ECF No. 32 (N.D. Fla. Feb. 14,

1

**ARGUMENT**

I.   **Plaintiffs Fail to Show That There Remains Any Available Relief.**

First, Plaintiffs make little attempt to refute that no Plaintiff has suffered any adverse action that this Court can rectify. Plaintiffs allege that Plaintiffs Wadsworth and Wilder received "adverse counseling" in the form of a CG-3307.[2] But a CG-3307 is not adverse action; it is an Administrative Remarks Entry that allows the Coast Guard to add comments to a service member's record. Regardless, the Coast Guard recently explained that it would remove from active duty and reserve members' records all Administrative Remarks Entries related to the COVID-19 vaccination requirement by March 31, 2023. *See* ALCGPSC 024/23 (Feb. 23, 2023), https://perma.cc/QGV8-5FKG. The Coast Guard expects to issue additional procedures for service members to request similar action on other records referencing the COVID-19 vaccination requirement. *Id.*

It is unclear what relief Plaintiff Jorden seeks. Jorden is eligible to re-enlist and nothing prevents him from doing so. *See* Decl. of Rear Admiral David Barata ¶ 4, ECF No. 41-1. As Plaintiffs concede, "this Court cannot order backpay, or . . . promotion" for Jorden. Resp. 16.[3] Plaintiffs allege that Jorden's personnel record retains "negative counseling, lower marks

---

2023) (dismissing case as moot); *Creaghan v. Austin*, No. 1:22-cv-00981 (D.D.C. March 10, 2023) (same); *Navy Seal 1 v. Austin*, No. 1:22-cv-00688 (D.D.C. March 10, 2023) (same). Other cases related to the DoD vaccine requirement have been voluntarily dismissed. *See Oklahoma v. Biden*, No: 5:21-cv-01136, ECF Nos. 77, 78, 82 (W.D. Okla. Feb. 17, 2023 and March 7, 2023); *Church v. Biden*, No. 1:21-cv-2815, ECF No 43 (D.D.C. Jan. 23, 2023); *Air Force Major v. Austin,* No. 3:22-cv-00756, ECF No. 25 (N.D. Tex. March 7, 2023).

[2] Plaintiffs allege that "all of the named plaintiffs . . . still have substantially or all of the same adverse paperwork (CG-3307s or notations of the 3307s in their service records)," Resp. 12, but Plaintiffs' cited declaration asserts only that Wadsworth and Wilder have CG-3307s, *see* Pls.' Ex. 1, Decl. of Rachel Saran ¶ 4–7 ("Saran Decl."), ECF No. 77-1.

[3] Despite this recognition, Plaintiffs press this Court to issue "declaratory relief" to serve as "a precursor to monetary relief . . . in the Court of Federal Claims" "under principles of res judicata

on enlisted evaluation reports, or other adverse paperwork." Saran Decl. ¶ 6. But the Coast Guard is taking steps to remove reference to the COVID-19 vaccination requirement from personnel records, prioritizing the records of those currently serving. Moreover, since Jorden is not currently serving and has no apparent intention of re-enlisting, those records cannot have adverse impact on future service.

Second, Plaintiffs' speculative future harms cannot revive their moot claims. Plaintiffs allege that Wadsworth "is at risk of being passed over for promotion," and if he "fails to promote this year, he will face involuntary separation." Saran Decl. ¶ 7. But where the challenged policy has been rescinded, such speculative harm depends on a string of hypothetical occurrences that may never come to pass and are therefore unripe. *See, e.g.*, *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732–33 (1998). Moreover, Plaintiffs concede that "this Court cannot . . . require reinstatement or promotion." Resp. 16.

Plaintiffs also allege they risk "involuntary discharge and even criminal prosecution," Resp. 9, citing testimony from the House Armed Services Committee, in which Under-Secretary of Defense Gilbert Cisneros confirmed that "[s]ervice officials are determining . . . appropriate action for service members who did not submit an exemption or accommodation request [and] remained unvaccinated." Pls.' Ex. 4 at 2, House Armed Services Comm. Hearing Tr., ECF No. 77-4. But nothing in this testimony suggests the possibility of involuntary discharge or prosecution. And no Plaintiff here has failed to "submit an exemption or accommodation request;" indeed, two of the five Plaintiffs did not even "remain[]

---

and/or collateral estoppel." Resp. 16. But as Defendants have explained, Plaintiffs' claims for declaratory relief are moot, and the Court cannot proceed otherwise in order to support a potential action in another court.

3

unvaccinated." *Id.* Plaintiffs' alleged fear is thus entirely unfounded.

Third, Plaintiffs continue to rely on alleged harm to non-parties while ignoring the "general principle" that "a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified." *Murray v. Fid. Nat. Fin., Inc.*, 594 F.3d 419, 421 (5th Cir. 2010). To the extent these non-parties seek relief, they should pursue such relief individually and in an appropriate venue. Plaintiffs offer no explanation for why these highly varied alleged harms should be litigated together in this case.

Finally, Plaintiffs fabricate a request for damages under RFRA despite no request for damages appearing in their request for relief. *See generally* Compl. at 79–80. Even if Plaintiffs had requested damages, no such relief is available here. Plaintiffs cite *Tanzin v. Tanvir,* 141 S. Ct. 486 (2020), which authorizes damages for RFRA claims only against officials in their *individual* capacity. But every Court of Appeals to have addressed the issue has found that RFRA does not authorize money damages against officials in their official capacity because RFRA does not waive the government's sovereign immunity. *See* Defs.' Br. at 12 n.3.

## II. No Exception to Mootness Applies.

The mootness exception for voluntary cessation does not apply here. Plaintiffs ignore the proper standard, *see Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009), and instead assert that their claims remain live because Defendants "retain the 'authority to reinstate [the challenged policies] at any time.'" Resp. 17 (quoting *Tandon v. Newsom*, 141 S. Ct. 1294, 1297 (2021)). But "the government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023). Plaintiffs also summarily assert that Defendants

4

Case 3:22-cv-00265 Document 78 Filed on 03/14/23 in TXSD Page 5 of 7

"have a 'track record of moving the goalposts.'" Resp. 17. It is unclear what Plaintiffs mean, as the COVID-19 vaccination requirement remained the same from conception to rescission.

Plaintiffs also fail to show that the exception for issues capable of repetition yet evading review applies. *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 370 (5th Cir. 2020) (noting party asserting exception bears burden). The fact that the vaccination requirement lasted "for less than 18 months," Resp. 13, does not establish that it was "in its duration too short to be fully litigated," *Empower Texans, Inc.*, 977 F.3d at 370. There is no precise "calendar for evading review." *Id.* Rather, "[c]laims need to be judged on how quickly relief can be achieved in relation to the specific claim." *Id.* As the Fifth Circuit has explained, "strikes, pregnancies, or elections" are examples of the "'exceptional' situations" in which the exception may apply. *See Meadows v. Odom*, 198 F. App'x 348, 352 (5th Cir. 2006). Vaccination requirements are not one of these "'exceptional' situations." *Id.* Indeed, the military's other vaccination requirements have been in place for years. The fact that the SARS-CoV-2 virus "is constantly changing," Resp. 13, is irrelevant. Plaintiffs fail to show that the challenged conduct itself—the vaccination requirement—ever changed prior to its rescission, or that it would have changed but for Congress' intervening legislation. Finally, Plaintiffs' baseless assertion that Defendants have "reenact[ed] a substantially similar *de facto* mandate," Resp. 14, is nonserious. Even Plaintiffs concede that any such "*de facto* shadow mandate" is "unknown" to them. Resp. 1.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction.

 Dated: March 14, 2023     Respectfully submitted,

5

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Branch Director
Federal Programs Branch

*/s/ Cassandra Snyder*
JODY D. LOWENSTEIN (MT #55816869)
CASSANDRA SNYDER (DC #1671667)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2022, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Cassandra Snyder*
CASSANDRA SNYDER
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
